GERDING, Respondent, v. WALTER, Appellant.

1. The law does not presume from the simple fact of one man's handing over money to another, that the transaction is *prima facie* a loan.
2. If the material fact upon which a cause of action is based be put in issue by the answer of the defendant, the plaintiff must adduce evidence in its support.

*Appeal from Buchanan Court of Common Pleas.*

This was an action to recover the sum of one thousand dollars alleged to have been loaned to the defendant at divers times in the month of August, 1858. The defendant in his answer proceeded as follows: "Defendant denies, except as hereinafter stated, that he is justly indebted in the sum of one thousand dollars for money lent by plaintiff to defendant at various times. Defendant denies, except as hereinafter stated, that he is indebted to plaintiff for one hundred and twenty-five dollars on the 12th of August, 1858, or for one hundred and twenty-five dollars on the 13th of August, 1858, &c., [specifying the sums charged in the petition.] Defendant denies that each and every one of said sums of money is now due and owing plaintiff, or that any of the same is now due and owing plaintiff. Defendant denies that plaintiff is entitled to any interest for money loaned, or to any judgment against him. Defendant states the fact to be that he married the daughter of plaintiff; that about August last (1858) he commenced investing a large sum of money

in a brewery building in St. Joseph; that plaintiff, having sold his house and lot in Illinois, moved with his family to St. Joseph sometime in August last; that he (plaintiff) offered to let defendant have a thousand dollars to assist defendant in erecting said brewery, provided defendant in consideration would board plaintiff and his family and pay their expenses and furnish them with a home as long as they desired; that defendant assented to this proposition of plaintiff, and plaintiff advanced defendant at different times one thousand dollars, and with his family came and lived with defendant, who furnished them every thing suitable and necessary;" that he advanced various sums to plaintiff; that after staying with defendant about six weeks plaintiff suddenly declared that he was dissatisfied with the country and moved back to Illinois; that plaintiff has ever been and still is able and willing to perform his whole contract; that in consequence of getting said money on said terms plaintiff greatly extended his plans in building and extending said brewery improvements, and "if he (plaintiff) is allowed to violate his contract and recover back said money in this suit, plaintiff is damaged thereby in the sum of three hundred dollars, which said damages he is entitled to recoup. Defendant, however, avers and claims that plaintiff is not entitled to recover any judgment in this case," &c.

At the trial there was no evidence adduced. The court, among other instructions, gave the following: " 1. The defendant in his answer admits his indebtedness to plaintiff to be one thousand dollars, and the jury will so find in their verdict."

*Bassett & Loan*, for appellant.

I. The first instruction given should have been refused. The answer denies in the most direct and emphatic terms any loan. (See Westlake v. Moore, 19 Mo. 556.)

*Vories & Vories*, for respondent.

I. The defendant's answer admits that the sum of one thousand dollars was advanced to him at various times, but

allege that it was advanced under a special contract which defendant must prove or plaintiff ought to recover. The answer does not deny the items as stated. It simply denies generally that defendant was indebted at the time of filing the answer. Each allegation should be specifically denied. (Engle v. Bates, 19 Mo. 543.) The case of Westlake v. Moore is not in point.

NAPTON, Judge, delivered the opinion of the court.

The instructions given by the court in this case seem to assume that the natural or legal presumption arising from the simple fact of one man handing over money to another is, *prima facie*, a loan. We do not know of any authority or principle to justify this conclusion. It would seem to be more reasonable to infer, from this simple transaction unexplained, that the money is to pay a debt, or is intended as a gift. Where a loan is made, some proof of the transaction is usually preserved.

The plaintiff here averred that the defendant was indebted to him in the sum of one thousand dollars for money lent. The defendant answers that he is not indebted to the plaintiff in the sum of one thousand dollars for money lent. The plaintiff avers a *loan*. The defendant denies it. It is true that the defendant subsequently proceeds to state a particular history of the facts, according to his understanding of them, which constitute the basis of the plaintiff's supposed claim and of the defendant's supposed defence; but this statement is merely an extended and detailed denial of the alleged loan. If the facts are stated correctly by the defendant, it is clear that no money was loaned to him by the plaintiff, but that the thousand dollars was given to him upon sufficient consideration, and that the plaintiff has no claim to demand it back.

The answer was treated by the circuit court as an admission of a loan and an attempt to set up a counter-claim; and therefore, in the absence of any proof on either side, the court directed the jury to find for the plaintiff the sum

claimed with interest. We do not so understand the plead-
ings. We understand the answer to be a direct and empha-
tic denial of any loan of one thousand dollars, or any other
sum; and of course, upon the conceded rules of pleading,
the burden of proof is on the plaintiff to make out at least a
*prima facie* case.

Judgment reversed and cause remanded.