### CONSTANT F. DRURY *vs.* ROBERT NEWMAN.

An objection that an answer admits the allegations of the declaration must be deemed to have been waived, if it is first taken at the argument of exceptions to a ruling that the plaintiff could not maintain the action on the evidence offered at the trial without amending the declaration.

An action on a special contract of the defendant to pay the plaintiff the usual commissions for his services if he would procure a purchaser for property of the defendant, with a count on an account for " commissions for services as broker in getting a customer to purchase " the property, cannot be maintained without proof of a sale of the property, or of an agreement for the sale thereof binding on the purchaser.

CONTRACT. The declaration alleged that the defendant, who was a tailor, requested the plaintiff, a broker, "to procure for the defendant a purchaser" of the lease of his shop, and the stock and fixtures, and the good will of his business, "and promised

to pay the plaintiff the usual commissions for his services in procuring such purchaser," and that the plaintiff, "in conformity with such request, and relying on the promise of the defendant, went and procured a customer who would purchase the said lease, stock, fixtures and good will of the defendant at the defendant's price as he gave it to the plaintiff, and offered so to do," but that the defendant nevertheless refused to pay the plaintiff his commissions or any part thereof, and owed the plaintiff $175 "therefor;" with a count on an account annexed, for $175, for "commissions for services as broker in getting a customer to purchase" said lease, stock, fixtures and good will.

At the trial in the superior court, before *Lord*, J., the plaintiff offered evidence in substance as follows:

The plaintiff asked the defendant if he would "sell out," who replied that he would for $7000; and the plaintiff then introduced parties who desired to buy such a business as the defendant's, but the defendant refused to sell out to them. A few days afterwards the defendant said to the plaintiff: "If you will get those parties back I will give you $100 and pay you the highest commissions;" and the plaintiff then wrote, and the defendant signed, the following memorandum: "Mr. Newman will sell out for $4000 bonus, and stock and fixtures at prisal, and remain one year for $2000, with privilege of going into business out of the city." The day following, the plaintiff sent the parties above mentioned again to the defendant, who talked with them about selling out, but neither of them made any reference to the paper signed by the defendant; "and said parties supposed that they had come to an understanding, and then wrote a paper stating what they understood," namely, "that the defendant should have a bonus of $4000, and should sell his stock and fixtures at an appraisal, and have $2000 salary, or one third of the profits, at his option, for one year, and should not engage in the tailoring business in any shape whatever in Boston;" "and said defendant took his pen and dipped it in the ink, when he said that he must see his wife before he sold out, and afterwards sent word to said parties and the plaintiff that he would not sell."

The plaintiff testified, as a. expert, "that he did not know

that there were any usual commissions of brokers where no sal was made to the parties introduced, and that in this case no sale was made ; " and further testified " that after the defendant refused to sell he went to the defendant's shop and said that after all his trouble he ought to have something, and asked the defendant if he would not give him something, and afterwards gave the defendant a bill for $350."

Upon this evidence, the judge ruled that the plaintiff could not maintain his action upon his declaration ; that if, on the facts proved, the plaintiff was entitled to recover at all, it would be necessary to amend the declaration. The plaintiff declined to amend ; a verdict was taken for the defendant ; and the plaintiff alleged exceptions. It was stated in the bill of exceptions that the pleadings might be referred to by either party.

*L. W. Osgood*, for the plaintiff.

*T. P. Proctor*, for the defendant.

Colt, J. The point now made, that the defendant's answer admits the allegations in the plaintiff's declaration, was not suggested at the trial. Whatever its merits, it is not now available to the plaintiff. If the objection had been made in time, the defendant would not have been deprived of an opportunity to amend his answer.

The only question submitted is, as to the sufficiency of the evidence to support the declaration. Both counts seek to recover the usual commissions for services as a broker in procuring a purchaser for the unexpired lease of the defendant's store. Such commissions, by the plaintiff's own showing, were not due unless a sale was actually completed. No sale ever took place here. It may be that the plaintiff performed valuable services under a contract which the defendant prevented him from fully completing. No such claim is set forth here ; and it is well settled that for such services he must declare specially, if the contract is still unrescinded.

The case of *Cooke* v. *Fiske*, 12 Gray, 491, is distinguishable from this, for there the agreement, which was for the charter of a vessel, was completed verbally, although not reduced to writing. It was obligatory, and the defendant might have enforced

it. The plaintiff in that case was therefore entitled to his commission for procuring the charter. Here the evidence does not support the declaration.

It is unnecessary to consider whether the terms offered agreed with those proposed by the defendant or not; because there was never any binding agreement between the defendant and the proposed purchaser. *Exceptions overruled.*