MARGARET E. WEED *vs.* G. PERCY CLARK.

Penobscot.    Opinion February 21, 1920.

*Actions against executors and administrators. General rule regarding right of plaintiff to testify in such actions: Rule as to common law governing in absence of statutory provisions. Rule as to limitation of testimony by adverse party when an executor or administrator offers himself as witness upon certain matters.*

Plaintiff sued her former employer's estate to enforce payment of a claim for wages for her work for nearly five years, and also for money averred to have been loaned to him by her. So far as it related to work, the claim was not otherwise substantiated than by testimony of witnesses to the effect that plaintiff had been employed about decedent's home. For money lent, there was only evidence of the transaction of a check paid to decedent at plaintiff's request.

The presiding Justice ruled plaintiff herself incompetent to give testimony with relation to certain entries stated to be in the handwriting of defendant's decedent. Nor was she permitted to give evidence in contradiction of witnesses imputing to her the making of statements, while decedent was living, inconsistent with her attitude as plaintiff. To these rulings, and as well to the charge of the justice, at the conclusion of the testimony, that the jury return a verdict for defendant, exceptions have been argued.

Save where there are statutory provisions differently, in all cases in which an executor, administrator, or other legal representative of a deceased person is a party, the rules of the common law control the competency of witnesses and evidence. No existing modification of such rules made the offered evidence competent.

This case totally lacked proof of an express promise on decedent's part to pay plaintiff for her work. The theory that her services were performed under an implied contract for compensation encountered and was outweighed by convincing evidence that she was already paid. He who withholds his demand while an alleged debtor is alive, and in after-time seeks to compel payment by the latter's estate, has no right to expect that such claim will escape close scrutiny or be enforced in the absence of evidence amounting to clear and cogent proof.

There is nothing to show that the check was paid to decedent on any promise, actual or implied, that he would pay it back. Presumptively it was given to pay a debt and not as a loan.

Action of assumpsit against the administrator of the estate of Herbert M. Clark, plaintiff alleging certain sums to be due for service rendered and money loaned decedent during his lifetime. Defendant filed plea of general issue. At close of the entire evidence, the court directed a verdict for defendant; to which ruling plaintiff filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*J. B. Merrill,* for plaintiff.

*D. F. Snow,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

DUNN, J. Defendant's decedent, one Herbert M. Clark, lived in Holden. For not far from twenty-five years plaintiff was his housekeeper. The day before he died she left his home to go to Patten for a visit. On her way there, she directed a Bangor savings bank to draw out of her account and pay to him the sum of $150.00, which it did by check to his order. He deposited the check to his own credit in another bank. In usual course, this check was paid by the bank on which it was drawn. Some six months after her former employer's death, plaintiff filed against his estate a claim for wages for her work, for nearly five years, aggregating $729.00, and also for money averred to have been loaned to him by her, the date and the amount of the charge for the loan corresponding respectively to those of the check. Payment of the claim never was made by the administrator. Suit followed, and the case was brought to trial. So far as it related to the items for work, the claim was not otherwise substantiated than by testimony of witnesses to the effect that plaintiff had been employed about decedent's home. For money lent, there was only evidence to

prove the transaction of the check. The administrator defendant did not testify. Plaintiff asked that she herself might be allowed to give testimony that entries in an "account book" of hers were in the handwriting of decedent, "and were in the nature of an admission" by the latter during his lifetime of an amount that he owed her, which request the trial court, after inspecting the book, declined to grant. Nor was plaintiff permitted to give evidence in contradiction of witnesses imputing to her the making of statements, while deceased was living, highly inconsistent with her attitude as plaintiff. To these rulings of the Justice presiding, and as well to his charge to the jury, at the conclusion of the testimony, to return a verdict for defendant, exceptions have been argued.

Save where there are statutory provisions differently, in all cases in which an executor, administrator, or other legal representative of a deceased person is a party, the rules of the common law control the competency of witnesses and evidence. R. S., Chap. 87, Sec. 117. Among other modifications is this: If a personal representative prosecuting or defending, on his own initiative offer himself as a witness, and he testify for the estate as to that which occurred in his decedent's lifetime, then, with regard solely to what he testified to, the adverse party, if he have knowledge otherwise admissible, may testify. Id., Clause II. As a litigant, the personal representative has all the rights his decedent would have had if living. And besides, he alone holds the key which will open the door and allow his adversary to enter and testify regarding facts that happened before the dead man died. Unless the door be opened by the personal representative, the other party may not testify as to what happened before decedent's death, not even to interpret that which is hidden from or doubtful to ordinary and easy perception and intelligence, or is only implied, in a statement which he himself made while the other lived. *Sherman* v. *Hall*, 89 Maine, 411. For greater reason he may not testify in explanation, unless and until the personal representative opposing bid him do so, when the asserted admission was by his adversary's decedent. Evidence other than testimony by the living party must be relied upon to establish identity of the admission, and to explain or control its legal and natural import. *Berry* v. *Stevens*, 69 Maine, 290. It will be noted, that plaintiff did not offer an original book of entries of business transactions, regularly kept, showing of itself a charge against decedent's estate, with her suppletory oath to

the entries therein made, which the inhibitory rule does not forbid. *Silver* v. *Worcester*, 72 Maine, 322, 329. Her grievance is, not that the "account book" was admissible, by suppletory oath, as an authentic register of the affairs of her vocation, in evidence of performance of personal services for payment of which she sued, but rather that she was ruled incompetent to bear witness that a particular entry in the book was "a statement of the amount due the plaintiff upon a certain date." Indeed, the record evinces that plaintiff's attorney virtually said to the court, the book would be valueless in evidence unaccompanied by the proffered explanatory testimony.

It is a well established rule of procedure in this State, resting for foundation on the axiomatic principle that prevention is better than cure, that a verdict may and should be directed for either party when, giving the evidence introduced full probative value, it is plain that a contrary verdict could not be sustained. *Heath* v. *Jaquith*, 68 Maine, 433; *Jewell* v. *Gagne*, 82 Maine, 430; *Royal* v. *Power Company*, 114 Maine, 220. When only one inference can be drawn from the evidence by reasoning and reasonable men, the question is one of law and not of fact. *Maine Water Company* v. *Crane*, 99 Maine, 473, 485.

This case totally lacked proof of an express promise on decedent's part to pay plaintiff for her work.. The theory that her services were performed under an implied contract for compensation encountered and was outweighed by convincing evidence that she was already paid. One who withholds his demand while an alleged debtor is alive, and in after-time seeks to compel payment by the latter's estate, has no right to expect that such claim will escape close scrutiny or be enforced in the absence of evidence preponderantly amounting to clear and cogent proof. That plaintiff's witnesses testified honestly concerning the performance of services by her, was unquestioned. But, extending complete credence, their testimony tending to show the existence of an implied promise to reward her, was overborne by that of the defense, which made known that she was not left by decedent without payment of her hire. A verdict for plaintiff in this behalf could not be sustained.

No evidence that plaintiff loaned money to decedent appears to have been preserved. A promise to repay money borrowed is among the ordinary indications of a loan. *Nichols* v. *Fearson*, 7 Pet., 103, 109; 8 Law Ed., 623, 625. . The charge for money lent was without medium of proof beyond that of the check. This was tantamount to

a deposit by decedent of plaintiff's personal check to his order. Unexplained, that would give rise to a legal presumption that such check was in payment or discharge of an existing liability, rather than as a loan. *Gerding* v. *Walter*, 29 Mo., 426; *Morrow* v. *Frankish*, (Del. Sup.), 89 Atl., 740; *Nay* v. *Curley*, 113 N. Y., 575; *Masser* v. *Brown*, 29 Pa. St., 128; *Huntzinger* v. *Jones*, 60 Pa., St. 170. Prof. Greenleaf thus defines the rule: "In proof of the account of money lent, it is not sufficient merely to show that the plaintiff paid money or a bank check to the defendant, for this, prima facie, is only evidence of the payment by the plaintiff of his own debt, antecedently due to the defendant. He must prove that the transaction was essentially a loan of money." Greenleaf on Evidence, Vol. 2, Section 112. *Hearne* v. *Hearne*, 55 Maine, 445, was a case of the analogous action of money had and received. Said the court: "The mere proof of delivery of money by one to another has often been held to be insufficient to support this action, the presumption being that it was delivered as a payment of a preexisting liability." See, too, *Titcomb* v. *Powers*, 108 Maine, 347. The New York case of *Russell* v. *Almot*. 116 N. Y. S., 1080, is direct authority. There, as here, plaintiff sued to recover money asserted to have been loaned to her opponent's decedent while she was employed as his housekeeper. Justice Cochrane spoke for the court: "——but it was incumbent on plaintiff to show that her check to Almot was not in payment of an antecedent indebtedness by her to him. The presumption was that the check was given to pay a debt, and not as a loan." *Leask* v. *Hoagland*, 205 N. Y., 171, likewise holds the giving of a check to be presumptively that it was delivered in payment of a debt and not as a loan; adding, "but it may represent a loan or a gift, or money of the drawer, to be applied by the drawee to the use of the former as his agent or otherwise."

The presumption, that the money belonged to the one who received it, may be overcome, and the real fact shown. *Park* v. *Miller*, 27 N. J. L., 338. There is nothing in this case to show that the check was paid to the decedent on any promise, actual or implied, that he would pay it back. He did not, from its mere receipt, thereby become a debtor.

Plaintiff's exceptions are unavailing.

*Exceptions overruled.*