### CARLTON O. GRANT et al. *vs.* LEWIS DALTON.

### Aroostook.    Opinion July 12, 1921.

*A real estate broker until he has brought negotiations to a successful conclusion accord-*
*ing to the terms given by the owner by producing a customer willing and prepared*
*to pay the price on terms given, or if no terms given, on terms satisfactory to*
*the owner, is not entitled to any commission.    The owner, if acting in*
*good faith, may withdraw the property for sale from the broker's*
*hands any time before completion of negotiations to a success-*
*ful conclusion, even though the owner receives some*
*benefit from the results of the broker's*
*efforts.*

A real estate broker to be entitled to a commission must produce a customer not only willing, but prepared to purchase and pay for the property at the price and on the terms given by the owner to the broker; or if no terms were then made, on terms satisfactory to the owner.

Until a broker produces such a customer the owner may at any time, if acting in good faith, withdraw the property for sale from the broker's hands; and even though he sells the property later to a customer produced by the broker and thereby avails himself of some of the results of the broker's efforts, he is not liable to the broker for a commission on the sale, if the property was withdrawn by him in good faith and before the broker had brought the negotiations to a successful conclusion.

A broker's right to a commission is fixed at the time of his discharge, if done in good faith.    If at the time of his discharge his efforts have not been successful, he has not earned a commission.

On motion by defendant.    An action of assumpsit on account annexed to recover commission as real estate brokers, plaintiffs alleging that they entered into an arrangement with defendant to sell for him his house at a stipulated price, and that it was further stipulated that their commission was to be $200.    The question involved was as to whether plaintiffs produced a customer willing and prepared to purchase and pay for the property at the price and on terms given by defendant.    A verdict of $208 was returned by the jury, and defendant filed a general motion for a new trial.    Motion sustained. New trial granted.

Case is stated in the opinion.

*W. S. Lewin,* for plaintiff.

*Herschel Shaw,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   An action to recover a broker's commission for the sale of real estate.   The jury found for the plaintiffs in the sum of two hundred and eight dollars.   The case comes before this court on a motion for a new trial on the usual grounds.   The motion must be sustained.

The defendant placed certain real estate in the hands of the plaintiffs who were real estate agents for sale at the price of forty-four hundred dollars, to net the defendant forty-two hundred dollars, the plaintiffs to retain two hundred dollars as commission or compensation for their services.

On April 3rd, 1920, the plaintiffs introduced to the defendant one Robert Haley who was acting for his mother and who together with her examined the property on the following day.   The property and price were satisfactory to them but they were not able to pay cash. On the same or the following day Haley acting for his mother offered to pay down five hundred in cash and secure the balance of the purchase price by a mortgage of the property and by other collateral which was refused by the defendant.

On the following day or the day after, the defendant notified the plaintiffs that he had decided not to sell the property.   Later by a few days Haley with plaintiff again called on the defendant and offered to pay an additional sum in cash and give a satisfactory mortgage for the balance.   The defendant, however, while raising no objections to the terms offered, told Mr. Haley that he and his wife had decided not to sell.   All negotiations through the plaintiffs thereafter ceased.

A few days later the defendant was approached by another real estate agent then acting for the same customer and a sale was later consummated at the price of forty-five hundred dollars upon terms satisfactory to both parties.

Upon this state of facts the verdict cannot stand.   The jury, we think, must have found its verdict on the grounds that a later sale to their customer entitled the plaintiffs to their commission.   Such is not always the case.

A broker to be entitled to commission must produce a customer not only willing but prepared to purchase and pay for the property

at the price and on the terms given by the owner to the broker. *Smith* v. *Lawrence*, 98 Maine, 92, 94. The defendant testified in this case that he talked cash with the plaintiffs, which was not denied. In absence of other terms being stated, a cash sale would be presumed. The plaintiffs to be entitled to a commission in this case were obliged to produce a customer who was prepared to pay cash or who offered and was prepared to purchase on terms satisfactory to the defendant.

Until a broker produces such a customer the owner may at any time withdraw the property from the broker's hands, and if he acts in good faith, the selling later to the same customer whether on the same or other terms does not entitle the first broker to a commission even though the seller may have thereby availed himself of the fruits of the broker's labors. *Smith* v. *Lawrence*, supra; *Garcelon* v. *Tibbetts*, 84 Maine, 148; *Hartford* v. *McGillicuddy*, 103 Maine, 224.

No question is raised in this case but that the withdrawal of the property from the plaintiffs was done in good faith. No effort was made by the defendant to sell the customer direct in order to save a commission, which is the usual indication of bad faith in such cases. On the other hand it appears to have been sold through another broker to whom it must be presumed a commission was paid.

That it was withdrawn before negotiations were successfully completed by the plaintiffs is, we think, clear from the testimony. The defendant so testified. He is corroborated by the witness Haley who testified for the plaintiffs, and the plaintiff Grant's own testimony, while not clear, appears on the whole to corroborate the defendant on this point, at least it is not inconsistent therewith. He also testified that if the property had not later been sold to the customer he should not have considered that they were entitled to a commission, thereby in effect admitting that at the time of the withdrawal the negotiations were not successfully completed.

A broker's right to a commission is fixed at the time of his discharge if done in good faith. If at the time his efforts have not been successful, he has not earned his commission. *Cadigan* v. *Crabtree*, 186 Mass., 7, 12, 13. The property having been withdrawn in good faith from the plaintiffs' hands before they had brought the negotiations to a successful conclusion by producing a customer willing and prepared to meet the defendant's terms, they cannot recover.

*Motion sustained.*
*New trial granted.*