GEORGE S. HOSKINS *vs.* JOSEPH A. WOLVERTON et al.

Aroostook.    Opinion June 8, 1923.

*The Statute of Frauds, R. S., Chap. 114, Sec. 12, not available to defendant as a defense, inasmuch as the first contract was mutually rescinded by the contracting parties by the substitution of a subsequent contract within a year of date of action.*

Revised Statutes, Chapter 114, Section 12, if it be inclusive of oral trades for selling real estate by agents, was inapplicable. And for this reason: the initial or first agreement, from which the defendants would reckon time, was rescinded, by mutual consent of the contracting parties, by the substitution of a subsequent contract, inconsistent with the first, and completely covering the subject matter of the earlier agreement, which later contract formed the basis of this action before a year from the day of its making was gone.

On exceptions. An action of assumpsit on account annexed to recover commission as a broker, under an oral contract of agency, in effecting a sale of a farm for defendants. Defendants contended that under the Statute of Frauds the action could not be maintained because the time for the termination of the contract was not definitely stated, and more than a year had elapsed since the making of the

contract before action was brought. Plaintiff contended that the first contract was rescinded by a subsequent contract mutually entered into by the contracting parties which was made within a year of the date of the action. The presiding Justice ruled in favor of plaintiff's contention and defendants excepted. Exceptions overruled.

The case is sufficiently stated in the opinion.

*Willard S. Lewin,* for plaintiff.

*H. M. Briggs, Doherty & Tompkins and Shaw & Cowan,* for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J. One of these defendants owned an Aroostook farm. The other defendant, without disclosing that he was but a representative of the first, listed the farm for sale with this plaintiff as a broker. The contract of listing, which was not evidenced by writing, stipulated that any commission accruing for selling would be from a price in excess of that which was defined as net to the vendor. There was conflict in the testimony touching whether the contract's terms were definite or indefinite respecting time; the plaintiff saying that it was indeterminate, and the defense otherwise.

Before a year had gone, this plaintiff chanced to meet him with whom he had directly negotiated, on a street. Plaintiff complained that it had come to his attention that the farm was being offered at the price which the listing contemplated as clear from any broker's charge. The versions of these two men as to what thereupon took place were not fully in accord. Plaintiff testified, it was agreed that, thenceforth, he was to proceed upon the basis that, if success attended his efforts to sell, his commission would be payable from the proceeds of what theretofore would have been regarded as the clear price. The pith of the opposite evidence was, that the owner should be free to sell to whom and as he would, except that if the plaintiff produced a competent purchaser, in such event the owner would demand the price of the original listing, and only if such demand were met was the broker to have a commission.

In less than a year, reckoning from the day of the modified terms, the farm was sold. Plainly, the plaintiff was instrumental in effecting the sale, though he was not present at any interview between the

vendor and the purchaser, nor was he present when the vendor set his price lower than ever previously named, nor was he there when the title to the property was passed.

All these recitals are by way of a background against which to show the single point involved.

The plaintiff brought this action for his commission. The defendants sought to avail themselves of the defense of the statute, included in the latest revision of the statutes as a part of that against frauds and perjuries, which reads in this wise:

"All contracts entered into after the first day of August, nineteen hundred and eleven, for sale or transfer of real estate and all contracts whereby a person, company or corporation becomes an agent for the sale or transfer of real estate, shall become void in one year from the date such contract is entered into unless the time for the termination thereof is definitely stated." R. S., Chap. 114, Sec. 12.

This statute was ruled as unrelated to the controversy. Defendants reserved four exceptions, in differing forms, to that which after all was but a single ruling, but none of the exceptions was well taken.

Of an opinion in a comparatively recent case, it might be said that its language suggests that written contracts alone are within the statute's operation. *Odlin* v. *McAllister*, 112 Maine, 89, 92. But it is unnecessary in the present instance to stop to consider whether the statute is or not inclusive both of oral and written trades. If it be so inclusive, still there was a lack of application in the particular case. On the defendant's showing, as we have seen, the original dealing was definite in respect to termination, and therefore was not afterward made void by the legislature's law. Regardless, however, of the fact about the limit, the not to be resisted reason of the inapplicableness of the statute was, that the initial contract was rescinded, by mutual consent of the contracting parties, by the substitution of a subsequent contract, inconsistent with the first, and completely covering the subject-matter of the earlier agreement. *Paul* v. *Meservey*, 58 Maine, 419.

That there was a rescission was scarcely debatable. The defendant, he who had been active with the broker, in endeavoring to fix the time of a certain conversation relating to the sale of the farm, by a lively turn of thought testified undesignedly, that it was "three or four months after the first time I listed it." Indeed, in fair animadversion, the essential character of the evidence imprinted in the

record concerned not whether there had been a succeeding contract, but what were the terms of that contract. And the jury's verdict for the plaintiff settled that vexed question.

The phrase in which the law was ruled was limpid and exact.

*Exceptions overruled.*