CYRUS E. SAWYER

*vs.*

THE FEDERAL LAND BANK OF SPRINGFIELD.

Cumberland.     Opinion, March 18, 1937.

*Sherman I. Gould,*
*Charles H. Shackley,* for plaintiff.
*Frank I. Cowan,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    This action was brought to recover commission on the sale of a farm. By direction, the jury returned a verdict for defendant; plaintiff took an exception.

The first question here is the application of a statute, invoked by defendant, providing, in brief, that where a contract making one an agent to sell real estate fails to fix the duration of the agency, the

contract shall, after one year, be deemed void. R. S., Chap. 123, Sec. 12.

Purpose of the statute has been said to be the protection of owners against continuing contracts. *Odlin* v. *McAllaster*, 112 Me., 89, 92, 90 A., 1086. The statute is inclusive of contracts both written and oral. See, in relation, *Hoskins* v. *Wolverton*, 123 Me., 33, 35, 121 A., 170.

His sole source of authority, plaintiff testified, was the listing of the property with him, on February 9, 1933, by spoken words merely, for no definite period, at $12,000.

A would-be purchaser, whom plaintiff contacted, was lacking money to pay the first instalment on account of purchase price.

There is evidence that local banks being, through public control and regulation, during a then existing economic depression, closed to the general transaction of business, funds were not available to depositors.

Never having procured a customer able to purchase in accordance with the agency contract, plaintiff was not entitled to recompense for his services. *Garcelon* v. *Tibbetts*, 84 Me., 148, 24 A., 797 ; *Smith* v. *Lawrence*, 98 Me., 92, 56 A., 455 ; *Hartford* v. *McGillicuddy*, 103 Me., 224, 229, 68 A., 860 ; *Damers* v. *Fisheries Company*, 119 Me., 343, 111 A., 418 ; *Grant* v. *Dalton*, 120 Me., 350, 114 A., 304 ; *Jutras* v. *Boisvert*, 121 Me., 32, 115 A., 517.

Plaintiff contends, however, that his persistence effected, on March 24, 1936, the sale of the farm, for $9,000, to tenants in common, of whom the original prospective purchaser was one. It is on this sale that he seeks to recover.

Testimony tended to prove that, two years after statute invalidation of the selling agreement, the identical property was conveyed, for the reduced consideration, to the same person, who acquired a moiety rather than the whole.

Plaintiff, witnessing, limited himself to the 1933 contract; of that, there was want of performance.

There was no basis for recovery.

Suggestion of bad faith on the part of the seller, there is none ; there is absence of special circumstances ; there is no room for a promise to be inferred from conduct, or to be implied in law. Bad faith and dishonesty are not to be presumed. *Hill* v. *Hatch*, 11 Me.,

450, 454. The present case is distinguishable, upon its facts, from *Jordan* v. *Hilbert*, 131 Me., 56, 158 A., 853.

The ruling of a directed verdict is sustainable. *Heath* v. *Jaquith*, 68 Me., 433; *Weed* v. *Clark*, 118 Me., 466, 109 A., 8; *Johnson* v. *Terminal Company*, 131 Me., 311, 162 A., 518. The exception must be overruled.

*Exception overruled.*