CLIFFORD L. SWAN COMPANY, INC.

*vs.*

JOSEPH COOK

Cumberland.    Opinion, November 20, 1947.

*Woodman, Skelton, Thompson &
Chapman,* for plaintiff.

*Frank P. Preti,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MURRAY, JJ.

MURRAY, J. This case came to this court on an exception to the refusal of the justice presiding in the trial court to direct a verdict for the defendant, and also a motion to this court to set aside the verdict which the jury found for the plaintiff.

In oral argument and in his brief defendant abandoned the exception. As to the motion, in his brief he relied on but two of its items.

1. The verdict is against the law.

2. Because it is manifestly against the evidence in this case.

In oral argument he consolidated the two, so that they really became one, the first.

The facts are, that the defendant placed for sale in the hands of the plaintiff, a licensed real estate broker, the Lake Parlin Camps with a selling price of $35,000. The plaintiff introduced to the defendant a prospective customer, one Mr. Golden. Mr. Golden and defendant, in the presence of the broker, negotiated but were unable to agree on a price. The customer offering $20,000 which the defendant refused. The parties gave up negotiating and separated. It, at that time at least, appearing that they would be unable to agree. Later the defendant without withdrawing the property from the hands of the plaintiff and without the knowledge

of the plaintiff, got in touch with Mr. Golden and sold him the property for $25,000.

The defendant says "it is also true that the facts in the whole case are not too much in dispute or at variance. As a matter of fact, the facts are quite a great deal in agreement * * * * *."

If there was any disagreement or variance as to the facts —and the court does not see any—there is evidence to sustain the jury in finding the facts as set forth.

The verdict of the trier of facts is final, if there is evidence to sustain it. *Mercier* v. *Hancock Mutual Life Ins. Co.,* 141 Me. 376; 44 Atl. (2nd) 372. So, if there was any disagreement as to facts, it is now settled.

The defendant argues that even if these are the facts, as a matter of law they are not sufficient to support the verdict. Because the law in Maine is, quoting *Smith* v. *Lawrence,* 98 Me. 92 on page 94.

> "A real estate broker undertaking to sell real estate of another earns nothing until he produces to the owner a customer willing and prepared to purchase and pay for the property at the price and on the terms given by the owner to the broker."

And the record fails to disclose that the plaintiff produced a customer to defendant who was ready, willing and able to buy on the terms given by the owner to the broker.

The *Smith* v. *Lawrence* case, 98 Me. 92, is one in which the plaintiff had until May 1, 1902 to find a purchaser, and did not do so before that date. After May 1st the property was sold by the owner to one who had been a prospective customer of Smith, the plaintiff, and the plaintiff claimed commission saying that defendant had interfered in such a manner as to prevent the plaintiff from selling to the purchaser within the time specified. There was a verdict for plaintiff and this court in setting it aside said there was no evidence to sustain the finding of interference, and that

plaintiff could not recover, giving as a reason the above quotation.

A careful reading of the cited case—*Smith* v. *Lawrence*—shows that the quoted words applied to the facts of that particular case. This is made plain because the case, *Garcelon* v. *Tibbetts*, 84 Me. 148, cited in the *Lawrence* case as authority, says: "In the absence of any conduct of the seller preventing a completion of the bargain by the broker, an action for commission will not lie. And further, when his acts effect no agreement or contract between his employer and the purchaser, the loss must be his own."

In the case at bar there was conduct by the seller, namely, the sale by the owner which prevented a completion of the broker's bargain with the owner. Broker's act, namely, bringing buyer and seller together, effected a contract between the owner and the purchaser. Both of these things were done while the property was in the hands of the broker for sale.

It is true there was a modification of the terms of the contract by the seller, but the modification being made by the owner would not effect the right of the broker to his commission. The seller accepted the customer as his purchaser. *Jutras* v. *Boisvert*, 121 Me. 32; *Hanscom* v. *Blanchard*, 117 Me. 501.

The record discloses not only that the plaintiff produced a customer to defendant who was ready and able to buy at the seller's terms, which is all that is necessary, but it also goes further and shows that the purchaser bought the premises.

*Exceptions overruled.*
*Motion overruled.*