BESSIE M. BURDETT
*vs.*
CHARLES J. PETERS

Cumberland.   Opinion, February 6, 1948.

PER CURIAM.

This case comes to the Law Court on defendant's general motion for new trial, after a verdict for the plaintiff for $400 as commission on sale of real estate.   There are no exceptions.

The facts that the jury would be authorized to find from the evidence, and undoubtedly did find, are that:— In August 1946 the defendant orally placed for sale in the hands of the plaintiff, as a real estate broker, a certain apartment house in Portland at a selling price of $8,500 net.   There was no limit of time in which to sell.   The plaintiff immediately advertised the property at $8,900, and the plaintiff within a few days interested and introduced to the defendant one Leroy E. Goss as a prospective customer.   The plaintiff broker made no written contract to sell to Mr. Goss but did make negotiations.   A few days later, the defendant, without withdrawing the property from the hands of the plaintiff, and without the knowledge of the plaintiff, got in touch with Mr. Goss through his friend Clifford B. Cole, and deeded the property on September 10, 1946 to Goss for $8,500.   No broker's commission was paid to Cole.

The defendant claims that the law stated in the case of *Smith* v. *Lawrence*, 98 Me. 92 entitles him to a new trial, because he says the plaintiff "did not produce a customer willing and prepared to purchase on the terms given by the defendant to the plaintiff."   There was no date limit to an option fixed in the case at bar, as there was in *Smith* v.

*Lawrence,* 98 Me. 92, and also in this case there was conduct by the seller, namely, a sale by the owner, that prevented a completion of the broker's bargain with the seller. Modifications of the terms of the original contract, if there were modifications, were made by defendant owner when he sold to Goss.

The defendant claims that the charge of the presiding justice was incorrect, if so, he should have taken exceptions. We will say, however, that we have examined the charge as printed in the record, and find no error. The defendant also claims that "there is evidence of abandonment by the plaintiff" but the jury found otherwise and there was abundant evidence to sustain the finding. *Mercier* v. *Insurance Co.,* 141 Me. 376; 44 Atl. (2nd) 372.

A very recent case decided by this Court, of *Clifford L. Swan Co.* v. *Cook,* 143 Me. 109, 55 Atl. (2nd) 878 was on facts so similar that its authority seems decisive here. As stated by Mr. Justice Murray in the *Swan* case, "the record discloses not only that the plaintiff produced a customer to defendant who was ready and able to buy at the seller's terms, which is all that is necessary, but it also goes further and shows that the purchaser bought the premises."

*Motion overruled.*

*Jacobson and Jacobson,*
        *by*
*Hyman Jacobson,*
*Barnett I. Shur,* for plaintiff.

*Udell Bramson,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MURRAY, JJ.