Francis E. CARTER

v.

Lucille BECKERMAN.

Supreme Judicial Court of Maine.

Feb. 5, 1969.

Jerome G. Daviau, Waterville, for plaintiff.

Richard J. Dubord, and Lawrence D. Ayoob, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

Plaintiff appeals from a judgment resulting from the direction below of a verdict for defendant.

The essential facts are not in dispute. Plaintiff, a licensed real estate broker, knowing that defendant's house was on the market for sale, approached the defendant and sought a listing of her property. Defendant granted an oral listing but declined to enter into any written contract with the broker. On the basis of this understanding and the subsequent dealings between the parties, there was adequate evidence of a brokerage agreement calling for payment of a five per cent commission in event the broker produced a sale or the legal equivalent thereof. In due course the broker produced a customer who entered into a written agreement with the defendant. This agreement provided that the defendant would sell and the purchaser would buy for $13,900. A deposit of $500 was paid and the agreement further provided that this sum should be applied as rent at the rate of $100 per month. In event of completed purchase the buyer was to have credit for the unused portion of the deposit in reduction of the purchase price. The agreement also contained two conditions which control the result in this case. The first provided:

"In the event that a G.I. appraisal made for mortgage loan purposes is less than Thirteen Thousand and Nine Hundred Dollars ($13,900.00), then this agreement shall be void and of no further effect, and so much of the Five Hundred Dollars ($500.00) deposit as has not been used up by rent shall be returned to the Buyers."

The second condition was stated in these terms:

"The conveyance by warranty deed shall be made on or before the 15th day of February, 1966, and if for any reason other than the Buyers' inability to secure a purchase money mortgage they shall fail to purchase as herein agreed, then so much of the Five Hundred Dollar ($500.00) deposit money as has not been earned by rent may nevertheless be retained by the Seller as liquidated damages."

The purchaser occupied the premises for a short time and then left the community. There is no evidence that he ever tendered the purchase price or made any effort whatever to complete the purchase.

MacNeill Real Estate v. Rines, (1949) 144 Me. 27, 64 A.2d 179 controls. The circumstances in the instant case which invoke the determinative principles of law are virtually indistinguishable from the circumstances in MacNeill. In both cases there was no completed sale. MacNeill noted that in the absence of a sale, a broker could nevertheless earn his commission if his principal and his customer entered into a "mutually enforcible contract" of purchase and sale. "The principal is deemed to have accepted the contract in lieu of exact performance of the broker's contract." MacNeill holds, however, that a mere optional agreement which permits the buyer to avoid the obligation to purchase will not satisfy the requirement of a "mutually enforcible contract" of purchase. A broker who procures no more than an optional agreement can recover a commission only if (a) an actual sale subsequently results, or (b) the purchaser attempts to

exercise his option and is prevented therefrom by the seller. The above quoted conditions made the agreement in the instant case optional for the very reasons stated in MacNeill. MacNeill denied recovery to the broker and the result must be the same here.

■ In Labbe v. Cyr, (1954) 150 Me. 342, 111 A.2d 330 we reaffirmed and applied the same principles of law. In Labbe, however, the seller delayed completion of the transaction for an unreasonable time and thus prevented the sale. In the instant case the plaintiff has adduced some hearsay testimony tending to suggest that the seller's husband and the buyer had an argument or misunderstanding over the payment for fuel oil left in the tank on the premises. This evidence falls far short of required proof that the buyer had put himself into a position of being ready, willing and able to exercise his option and complete the purchase, and having requested performance by the seller, was prevented from consummating the sale by the seller's refusal or neglect. In the absence of any probative evidence, the jury could not be permitted to guess or conjecture as to whether or not the buyer ever sought performance or the seller failed or refused to perform. A verdict for the defendant was properly directed.

■ After the transaction was abandoned by the buyer, the defendant sold the property to a third party. The plaintiff offered in evidence the deed effectuating the later sale to prove the "value" of the property. "Value" was never in issue and the document was properly excluded as immaterial.

Appeal denied.

MARDEN, J., did not sit.