Mary K. BOWLEY a/k/a Betty F. Bowley

v.

Richard C. PAINE, Jr.

Supreme Judicial Court of Maine.

June 7, 1972.

---

Joseph B. Pellicani, Rockland, for plaintiff.

Ranger & McTeague, by Orville T. Ranger, Brunswick, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

This action was heard below by a Justice of the Superior Court sitting without a jury.

Then and now at issue was a claim by a duly licensed real estate broker that she was legally entitled to a commission from the defendant resulting from her activities as real estate broker on behalf of the defendant in securing a purchaser for the defendant's land.

After hearing, the single Justice entered judgment for the plaintiff in the sum of $3,900.00.

The defendant seasonably appealed.

That plaintiff was a licensed real estate broker in the State of Maine is conceded.

The single Justice found that in April, 1968, the defendant gave an oral listing to the plaintiff of certain of his real estate located in Knox County.

The defendant specified that the asking price for the property was $65,000.00. Acting on this oral listing, the plaintiff advertised the property for sale and exerted considerable effort to locate a purchaser.

Between April 1968 and December of that year she submitted three offers of purchase to the defendant. Two of these offers were for sums less than the $65,000.00 specified by the plaintiff. The defendant never responded to these first two offers, although it is agreed he received them both.

Finally on December 30, 1968, the plaintiff persuaded a Mr. Harmon to execute a document labeled "OFFER AND ACCEPTANCE" which, after describing the property to which the offer related, read in part as follows:

"We agree to pay the sum of $65,000.-00 for the aforesaid property and hereby deposit with BETTY F. BOWLEY, to be held in escrow, the sum of $3,000.00 to bind the bargain. The purchasers further agree to pay the balance of $62,000.00 on or before February 3, 1969 on delivery of a good and sufficient Warranty Deed, clear of all encumbrances, except as hereinafter mentioned. It is understood that the property is subject to a lease to Allen's Blueberry Freezer, Inc., and is being sold subject to said lease.

"Buildings to be sold unfurnished, but including storm windows, storm doors, screens, shutters, and the other landlord fixtures now on said premises. Occupancy shall be given upon delivery of deed.

\* \* \* \* \* \*

"This agreement shall constitute the entire agreement of the parties, and no oral, or verbal, or implied agreement or understanding shall cancel or vary the terms of this contract. This offer, upon acceptance, becomes binding upon my-

self, my heirs, administrators, and assigns.

"In the event said property is destroyed by cause before the completion of this transaction, or in the event the sellers are unable to deliver a good and marketable title to said property, or in the event that the sale is subject to a V. A. or F.H.A. loan which is not approved, the deposit given herewith shall be refunded in full to the purchasers and this agreement shall become void.

"In the event the purchasers fail to carry out the terms of this agreement, and refuse upon presentation of a Warranty Deed, to pay for the same, in accordance with the terms of this contract, the deposit given herewith shall be considered as liquidated damages and forfeited to the sellers. From such liquidated damages, the seller agrees to reimburse BETTY F. BOWLEY for all costs and disbursements in connection therewith."

■ The law of Maine clearly is that in order to be entitled to a commission, a real estate broker with whom property is listed must procure a prospective purchaser ready, willing and able to purchase the property on the terms and conditions specified by the seller and communicated to the broker at the time of the listing or, if no such terms and conditions are communicated to the broker, then upon terms and conditions agreeable to the seller.

That this is the law of Maine has been established by a long line of cases decided by this Court. See for example: Hanscom v. Blanchard, 117 Me. 501, 105 A. 291, 3 A.L.R. 545 (1918); Ervin v. Colby, 119 Me. 118, 109 A. 388 (1920); Grant v. Dalton, 120 Me. 350, 114 A. 304 (1921); Labbe v. Cyr, 150 Me. 342, 111 A.2d

330 (1955) and Carter v. Beckerman, Me., 249 A.2d 763 (1969).

In Garcelon v. Tibbetts, 84 Me. 148, 24 A. 797 (1891), the broker was given property to sell by the defendant. The seller informed the broker as to the minimum amount of money he would accept from a purchaser, but said nothing as to the form of deed to be given.

The broker found a purchaser who was willing to pay the required price. The seller and purchaser were unable to agree as to the form of deed to be given and so no sale was consummated. This Court held the broker was not entitled to his commission.

■ In the case before us the seller informed the plaintiff-broker only as to the price which he would accept for his property. While the plaintiff clearly found a purchaser, ready, willing and able to pay the required price, many other conditions to the sale,[1] such as the amount of the deposit and what was to happen to the deposit in the event of default, were in the proposal which the prospective purchaser submitted through the agent to the defendant.

Unless and until those terms were accepted by the defendant or some other agreeable terms were negotiated and agreed upon, there was nothing before the seller but an offer to purchase.

The defendant-seller was free to revoke the listing previously given to the plaintiff without incurring liability to her.

This he did effectively.

The Justice below was in error in concluding otherwise.

The entry must be,

Appeal sustained.

All Justices concurring.

---

1. For example, the prospective purchaser's offer which was submitted to the seller was conditioned upon payment of the agreed sum "on delivery of a good and sufficient Warranty Deed." (See: Depositors Trust Co. v. Bruneau, 144 Me. 142, 66 A.2d 86, 89 (1949),) contained a provision as to what was to happen "in the event that the sale is subject to a V.A. or F.H.A. loan which is not approved."