STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-002

PAF-YO12 - 6/13/2000

NANCY ZAZZERA d/b/a
NANCY Z.,

Plaintiff

v.

FRANK S. PANZA and
KAREN L. PANZA,

Defendants

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JUN 15 2000

The defendants have appealed from a judgment of the District Court (Biddeford, *Wheeler, J.*) awarding the plaintiff a claimed real estate commission for the sale of a condominium in Old Orchard Beach. The first issue is whether Karen Panza can appeal. While she did not appear at the trial she did file the equivalent of an answer. Under the circumstances of this case, where neither a default judgment nor a default was entered and where counsel for Frank Panza indicated that he was representing Karen Panza as well, her appeal, along with his, will be considered.

The defendants next argue that the plaintiff real estate broker was not entitled to a commission because they were free to reject the full price offer brought to them by the broker. They rely in large part on *Bowley v. Paine*, 291 A.2d 712, 4 (Me. 1972). That case, which involved an oral listing agreement, stated "The law of Maine clearly is that in order to be entitled to a commission, a real estate broker with whom property is listed must procure a prospective purchaser ready, willing

and able to purchase the property on the terms and conditions specified by the seller and communicated to the broker at the time of the listing or, if no such terms and conditions are communicated to the broker, then upon such terms and conditions agreeable to the seller."

The exclusive right to sell listing agreement of June 2, 1998 lists the asking price of $179,900 and requires that the property be conveyed by a warranty deed. The line "Other Conditions" is blank. The terms and conditions were communicated at the time of the listing and the defendants are not free to add other terms and conditions so long as the prospective purchaser is ready, willing and able to purchase. If the purchaser stated that he or she could not close for a long time then the purchaser might not be ready, willing or able. If a specific amount of a security deposit, a specific closing date or any other condition beyond producing a full price offer from a ready, willing and able purchaser was required, that additional term or condition could have been specified in the listing agreement. Since it was not, the plaintiff correctly prevailed on this issue.

The next issue involves the plaintiff's dual representation of the buyer and sellers without proper disclosure of that fact to the seller. In *Goldberg Realty Group v. Weinstein*, 669 A.2d 187 (Me. 1996) the Law Court held, at 190, that a real estate broker ". . . has a fiduciary duty to the seller with respect to matters within the scope of the agency." The broker is required to fully disclose to the seller "all facts within his knowledge which bear materially upon his principal's interests." The Law Court also stated, at 190, that "We have previously held that the broker forfeits

2

any right to a commission if he breaches this duty". At 191 the Law Court focused on what was material. It stated, "Information is material to the transaction if a person with a degree of business acumen would want the information before proceeding. The principal need not show that, but for the failure to disclose, he would not have reached the decision that he made. The test is whether the information might reasonably be expected to influence the principal's decision."

The Law Court has not said that a breach of fiduciary duty occurs upon the failure to disclose any fact which bears upon the principal's interest. It required that the facts "bear materially" upon the seller's interests.

In the current case the District Court did not find that the non-disclosure was material. That decision, whether it is characterized as a factual determination, a legal determination or a mixed issue of fact and law is not erroneous, and not an abuse of discretion.

At oral argument I asked the attorneys whether the issue of dual representation without disclosure had been presented to the Maine Real Estate Commission. They indicated that it had not been. I will refer the matter to the Commission for their review, and a copy of this decision and the District Court judgment will be sent to the Commission.

The entry is:

Appeal denied.

PLAINTIFF:
CHARLES E MORESHEAD ESQ
PO BOX 2305
AUGUSTA ME   04338

Dated:      June 13, 200
DEFENDANT: FRANK S PANZA
Alan E. Shepard, Esq.
HODSDON READ & SHEPARD
56 PORTLAND RD
KENNEBUNK ME   04043

Paul A. Fritzsche
Justice, Superior Court

3