103 A.2d 526 (1954)
STATE
v.
DE BERY.
Supreme Judicial Court of Maine.
March 2, 1954.
Harold J. Rubin, Bath, for plaintiff.
Blaisdell & Blaisdell, Ellsworth, for defendant.
Before MERRILL, C. J., and THAXTER, FELLOWS, WILLIAMSON and TIRRELL, JJ.,
MERRILL, Chief Justice.
On exceptions. The defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor in violation of R.S.1944, c. 19, § 121, as amended. He was tried at the June 1952 Term of the Superior Court in Sagadahoc County. At the close of the evidence he filed a motion for a directed verdict of not guilty on the alleged ground that the State had not "proved by evidence beyond a reasonable doubt that he was under the influence of intoxicating liquor at the time of the alleged operation of the motor vehicle." The motion was denied, exceptions noted and a verdict of guilty returned. It is upon the exceptions to this denial of the motion for a directed verdict that the case is now before this Court.
The defendant was found by the arresting officer slumped over the wheel of his truck which was entirely outside the wrought part of the highway and stuck in a snowbank. Although on a curve the wrought part of the highway was dry and free from snow and ice. The windows of the truck were open and the radiator was still warm although it was a cold night. The defendant was not only under the influence of intoxicating liquor when so found by the arresting officer, but he was under the influence to such an extent that he was drunk. He was abusive and resisted being taken into custody by the officer.
*527 At the time he was found the defendant stated to the officer that he had had four beers. At the trial, offering himself as a witness, he denied that he had drunk any beer or that he told the officer that he had done so. He admitted driving the truck when it left the road. He stated that he drove the truck into the snowbank to avoid a collision with an oncoming car on his, the defendant's, side of the road. His defense was that he had not partaken of any liquor whatsoever prior to the time his truck left the road and that his condition was wholly due to gin which his companion had given him after the truck left the highway. This story was clearly inconsistent with his original statement made at the scene of the arrest, that he had been drinking beer. Not only this, it also contained inconsistencies as to the length of time spent drinking gin after he left the highway and the amount of gin which he consumed. In this respect his story was also inconsistent with that of his companion. Without further recital of details the defendant's story was inconsistent with itself and with that of his companion. The same may be said of the story related by the companion. Furthermore, though not impossible, the defendant's story is highly improbable.
Ordinarily, men who are perfectly sober and who have had no intoxicating liquor whatever to drink do not proceed to get drunk at the scene of an accident while waiting for someone to come and get their vehicle back into the highway. It is a natural and logical inference and one entirely consistent with fact that the driver of a vehicle stuck in a snowbank outside the wrought part of the highway who is found in the vehicle slumped over the wheel in a drunken condition was under the influence of intoxicating liquor while operating the vehicle. While such inference is logical and entirely consistent with the facts, on those facts standing alone it is not, however, conclusive.
To justify a conviction on circumstantial evidence alone, the circumstances must point to the respondent's guilt and be inconsistent with any other reasonable hypothesis. State v. Merry, 136 Me. 243, 8 A. 2d 143. The principal facts in a criminal case must be consistent with each other. They must point to the guilt of the accused and they must be inconsistent with his innocence. Guesswork is not the moral certainty of guilt that the law requires. Conjecture, surmise, and suspicion do not constitute proof beyond a reasonable doubt. State v. Morton, 142 Me. 254, 49 A.2d 907.
This case, however, does not rest entirely upon circumstantial evidence. The defendant saw fit to set up affirmatively and to prove by his own testimony that he became intoxicated after he ceased to drive his truck and after it had left the highway. Having admitted that he drove the truck, and it having been established beyond a reasonable doubt that he was intoxicated when found in the truck, his only possible defense was that he became intoxicated after ceasing to operate the same. The truth of this defense was known only to himself and his companion.
The jury were justified in viewing the testimony of the defendant critically and even with suspicion. True it is that his testimony is not directly denied. On the question as to when the defendant became intoxicated we can say as we said in State v. Ward, 119 Me. 482, at page 485, 111 A. 805, at page 806:
"the testimony of the respondent can be regarded as of very little value except as it is corroborated by circumstances, probabilities, and other evidence which tend to give it probative force. When the respondent takes the stand in his own behalf, however guilty he may be, he always denies the truth of the offense with which he is charged and asserts his innocence. Otherwise there would be no trial."
True it is that in this case the testimony of the defendant is corroborated by the spoken word of his companion. His companion, however, produced as a witness by the State to meet the necessity of proving operation of the vehicle by the defendant, was a hostile witness and clearly found to *528 be such by the trial court. In weighing the testimony of the defendant and that of his companion as well, the jury were well justified in giving weight to slight discrepancies in their stories and to test the truth of the same in the light of the reasonableness and unreasonableness of the details related by them. True it is the State cannot impeach, in the strict legal sense of that term, the testimony of its own hostile witness. The rule that a party cannot impeach his own witness does not prevent him from showing that a hostile witness testified falsely. Such falsehood may be established by means of inherent inconsistencies contained in the testimony of the witness himself as given in court. In evaluating the testimony of the defendant and his companion the jury were well justified in giving weight to discrepancies and inconsistencies, not only those contained in the story related by each of the witnesses but between their stories as well. It was the right and duty of the jury to test the truth of these stories in the light of the reasonableness and unreasonableness of the details related by the witnesses.
The jury saw and observed the witnesses. They gave no credence to the story related by the defendant. Otherwise their verdict must have been not guilty. Having rejected the defendant's story that he became intoxicated under the circumstances related by him, they were justified in finding that he told the same impelled so to do by a consciousness of guilt and to escape the consequences thereof. The fact that he raised this defense by relating that which the jury found was not true implies a realization upon the part of the defendant that the inference sought to be drawn from the established facts by the State, to wit, that he was under the influence of intoxicating liquor when he operated his truck and when the same left the highway, is the true one.
From time immemorial false statements and false explanations of what took place made by a prisoner after his apprehension is a strong indication of guilt. As said by this Court in State v. Ward, 119 Me. 482, at page 494, 111 A. 805, at page 809:
"When a person is in custodia legis charged with the commission of a criminal offense, a false statement by him as to a material circumstance is taken heavily against him."
As said in State v. Benner, 64 Me. 267, at page 289:
"Crime is ordinarily proved by circumstantial evidence. Truth is the reliance of innocence. Falsehood is the resort of crime. All true facts are consistent with each other. If the prisoner was innocent, there was no reason for the withholding a true fact. Still less was there for uttering a falsehood. Falsehood is evidence of crime. Every falsehood uttered by way of exculpation becomes an article of circumstantial evidence of greater or less inculpatory force."
This is especially true when the respondent utters the falsehoods from the stand when he appears as a witness in his own behalf.
The jury had the advantage of seeing, observing and hearing the defendant and his companion as witnesses. Even as recorded in the printed case, when read as a whole, their testimony does not convince us of its truthfulness. We cannot say that the jury erred in rejecting the same. Having rejected as untrue the defendant's offered explanation of his condition when found by the officer, the jury were justified in finding that the evidence as a whole convinced them beyond a reasonable doubt of the fact that the defendant was under the influence of intoxicating liquor when he operated his truck.
Exceptions overruled.
Judgment for the State.
WEBBER, J., did not sit.