Shirley **CHAMBERLAIN**

v.

Jean **PORTER.**

Supreme Judicial Court of Maine.

Argued June 7, 1989.
Decided July 26, 1989.

Catherine B. Johnson (orally), Law office of John J. Lynch, Damariscotta, for plaintiff.

John H. Montgomery (orally), Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Plaintiff Shirley Chamberlain appeals from a judgment of the Superior Court (Lincoln County; *Cole, J.*) affirming the summary judgment granted by the District Court (Wiscasset; *MacNichol, J.*) in favor of the defendant Jean Porter. Porter cross-appeals the denial of a motion for attorney fees and costs pursuant to M.R. Civ.P. 11. We affirm the judgment.

The facts relevant to this appeal are undisputed. Chamberlain, a real estate broker, entered into a written exclusive right of sale listing agreement with Porter to find a "purchaser ... who is ready, willing and able to purchase" property owned by Porter in North Edgecomb. In exchange, Porter agreed to pay Chamberlain a commission of six percent of the selling price "from the proceeds at closing."

A few months after signing the listing agreement, Chamberlain found a buyer for the property, and a contract for the purchase of the premises was completed. A title search, however, revealed nine defects in Porter's title to the property, some of which prevented the closing of the sale.

By her complaint against Porter, Chamberlain sought the commission she claimed was due from Porter for producing ready, able and willing buyers for the North Edgecomb property. Both parties filed motions for summary judgment, and Porter also filed a motion for attorney fees and costs pursuant to M.R.Civ.P. 11, contending that Chamberlain misrepresented a critical fact to the court in an affidavit. The trial court denied Chamberlain's motion for a summary judgment; granted Porter's motion for a summary judgment; and denied Porter's motion for attorney fees and costs. The Superior Court affirmed the decision of the trial court, and this appeal and cross-appeal followed.

Chamberlain contends on appeal that the trial court erred in finding that she was not entitled to a commission when she produced ready, able and willing buyers to purchase the North Edgecomb property. She argues that her commission was not conditioned on the closing of the sale but was earned at the time she found buyers who were willing to meet the terms and conditions of sale proposed by Porter.

When, as here, the Superior Court acts as an intermediate appellate tribunal, we directly review the judgment of the District Court to determine whether it contains any error of law that would affect its validity. *Cole v. Cole*, 561 A.2d 1018 (Me. 1989); *Homstead Enterprises v. Johnson Products, Inc.*, 540 A.2d 471, 472 (Me. 1988); *Town of Ogunquit v. Brazer*, 489 A.2d 505, 506 (Me.1985).

At the outset, we note that when we review the trial court's grant of a motion for summary judgment, we examine " 'the record to determine whether it supports the trial court's conclusion that there was no genuine issue as to any material fact, and that [Porter was] entitled to a judgment as a matter of law.' " *Forbes v. Osteopathic Hosp. of Maine*, 552 A.2d 16, 17 (Me.1988) (quoting *Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983)). We view " 'the evidence in a light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence.' " *Id.*

■ The duty of a broker to find a purchaser is generally discharged by producing a customer who is ready, willing and able to meet the exact terms and conditions of sale proposed by the seller. *First of Maine Commodities v. Dube*, 534 A.2d 1298, 1300 (Me.1987); *Bowley v. Paine*, 291 A.2d 712, 714 (Me.1972); S. Williston, *A Treatise on the Law of Contracts* § 1287, at 957 (1967). Although the parties' objective is clearly the completion of the sale, the completed transaction is not a condition precedent to the earning of a commission. *Labbe v. Cyr*, 150 Me. 342, 348, 111 A.2d 330 (1954).

■ This general rule, however, may be modified by the parties to the listing agreement. The contract between the parties, for example, may make the commission conditional on an actual sale. *Labbe*, 150 Me. at 348, 111 A.2d 330; 7 R. Powell & P. Rohan, *Powell on Real Property* § 938.17[3] (1989); S. Williston, *supra*, at 961. " 'A broker employed to sell, as distinguished from a broker employed to find a purchaser, is not entitled to compensation until he effects a sale, or procures from his customer a binding contract of sale.' " *Labbe*, 150 Me. at 348, 111 A.2d 330 (*quoting Damers v. Trident Fisheries Co.*, 119 Me. 343, 350, 111 A. 418 (1920)).

■ Here, the contract between Porter and Chamberlain provided that the commission was to be paid "from the proceeds at closing." By inserting this provision, the parties contracted to change the general rule that a broker is entitled to a commission on producing a ready, willing and able buyer. *See Dube*, 534 A.2d at 1300. The parties created a condition precedent to the receipt of the commission—the consummated sale had to occur before the broker could be paid. *See Rodgers v. Baughman*, 382 N.W.2d 714, 717 (Iowa Ct.App.1985) (listing agreement that provided for payment of commissions "out of the first money received on the sale" required a sale before broker would be entitled to a commission); *Storch v. Ricker*, 57 Md.App. 683, 471 A.2d 1079 (1984) (provision in contract tying broker's commission to settlement agreement takes contract out of general rule); E. Farnsworth, *Contracts* § 8.4 at 555 (1982) (courts tend to conclude that contracts with a landowner for a commission to be paid "on the passing of title" is a condition of the broker's right to his commission); 7 R. Powell & P. Rohan, *supra*, 938.17[3] (Where a brokerage contract provides "from the proceeds of a sale," it has been found that "a special agreement governed the interests of the parties and, in the absence of a sale, the broker [has] no right to a commission."). The sale in the instant case never closed. Accordingly, the designated fund that was to be the source of the commission never existed and Chamberlain's right to a commission never matured. *See Berman v. Hall*, 275 Md. 434, 340 A.2d 251, 253 (1975).

When the broker's listing contract is conditioned on the consummation of the contract, some courts, however, have held the seller liable for the broker's commission if a failure to close title is due to the vendor's collusion with the buyer, bad faith, or fraud. *See DeFranceaux Realty Group v. Leeth*, 283 Md. 611, 391 A.2d 1209, 1213 (1978) (Absent a showing that the seller and purchaser worked in collusion to deprive the brokers of their commission, no commission was due unless the sale closed.); *Fourth Street Restaurant v. Venture Realty Group, Inc.*, 533 So.2d 784, 787 (Fla.Dist.Ct.App.1988) ("If a seller acts arbitrarily to prevent full performance, he waives that condition regarding his duty to pay the broker a commission."); P. Rohan, *Real Property* (1981) (Where the parties have entered into a "condition contract ... the principal will be liable for a commission if the failure to close title is due to fault on his part, or if the seller's refusal to close the deal is arbitrary and unreasonable or as a result of bad faith."). Here, Chamberlain presented no evidence of any bad faith, fraud or collusion by Porter. Indeed, there was no evidence in the record that Porter had any knowledge of the title defect before she entered into the listing agreement with Chamberlain.[1]

---

1. The complaint was amended to add a second count of fraud, but that count was later voluntarily dismissed by Chamberlain.

Accordingly, we conclude the trial court did not err in finding that there was no genuine issue of any material fact and that Porter was entitled to a judgment as a matter of law.

In her cross-appeal, Porter argues that the trial court improperly denied her motion for attorney fees and costs pursuant to M.R.Civ.P. 11. She contends that Chamberlain misrepresented a critical fact to the court in her affidavit to buttress her motion for summary judgment. After carefully reviewing the entire record, we conclude Chamberlain's statements are consistent throughout the record, and thus, the trial court did not err in refusing the request of Porter to impose sanctions on Chamberlain for Porter's attorney fees and costs pursuant to M.R.Civ.P. 11.

The entry is:

Judgment affirmed.

All concurring.