**Michael NOBEL**

v.

**BANGOR HYDRO–ELECTRIC
CO., et al.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1990.
Decided Dec. 17, 1990.

Jeffrey D. Clements (orally), Michael A. Nelson, Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

Gerald F. Petruccelli (orally), Mary Mitchell Friedman, Petrucelli, Cox & Martin, Portland, for Bangor Hydro.

Robert Edmund Mittel, Portland, for Maine Media.

John E. Whalen, Lewiston, for Brenda Gerrand.

Before WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Plaintiff Michael Nobel appeals from the dismissal by the Superior Court (Cumberland County, *Alexander, J.*) of his complaint alleging breach of contract, unjust enrichment, and conversion in the use by defendants, Bangor Hydro–Electric Company; Maine Media, Inc.; and Brenda Garrand (collectively Bangor Hydro), of the phrase "energy light." Nobel contends that the Superior Court erred in holding that his state law claims were preempted by the Copyright Act of 1976, 17 U.S.C. § 301(a) (1988) (Act). Because we find that Nobel's complaint states a claim for breach of contract that is not preempted by federal law, we vacate as to that claim and affirm the dismissal of Nobel's remaining claims.

Nobel's complaint alleges that he was approached early in 1989 by Brenda Garrand of Maine Media, Inc. to compose an energy conservation jingle for Bangor Hydro's advertising campaign. Nobel composed a jingle that used the phrase "energy

light" both as its title and several times in the body of the lyrics. Nobel alleges that he made it clear before any contract was formed that Bangor Hydro must pay an additional fee to use the phrase "energy light" other than in the context of the recorded jingle. Nobel seeks compensatory and punitive damages for Bangor Hydro's alleged breach of their express or implied contract with him, unjust enrichment and conversion by their use of the phrase "energy light" in an advertising campaign. Bangor Hydro moved to dismiss the complaint for failure to state a claim and for the lack of subject matter jurisdiction. After a hearing, the court granted Bangor Hydro's motion and dismissed Nobel's complaint with prejudice, and Nobel appeals.

■■■ In our review of a dismissal order we accept the facts alleged in a complaint as true. *Robinson v. Washington County*, 529 A.2d 1357, 1359 (Me.1987). Dismissal is appropriate only if it appears beyond doubt that a plaintiff is not entitled to relief under any facts that might be proved. *Robinson, supra*, 529 A.2d at 1359. It is undisputed that Nobel entered a written contract that identified him as the holder of the jingle copyright and licensed Bangor Hydro to certain specified uses of the jingle in Maine and that Bangor Hydro paid the contract price of $1750 for use of the jingle. The Copyright Act of 1976 preempts state laws that protect rights that are equivalent to those within the scope of copyright but preserves rights under state law that are not equivalent to copyright rights.[1] 17 U.S.C. § 301(b)(3) (1988). The copyright rights include the right to make and distribute copies of a copyrighted work and the right to perform it publicly. 17 U.S.C. § 106. Several courts have held that a contract claim contains the necessary extra element beyond the exclusive rights under the Act that avoids equivalence and prevents federal preemption. *See, e.g., Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1990); *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988); *Meyers v. Waverly Fabrics*, 65 N.Y.2d 75, 78, 479 N.E.2d 236, 237–38, 489 N.Y.S.2d 891, 893 (1985). *See also Smith v. Weinstein*, 578 F.Supp. 1297, 1307 (S.D. N.Y.), *aff'd*, 738 F.2d 419 (1984) (ideas, which cannot be protected by copyright, can be consideration for a contract that creates rights qualitatively different from copyright rights). In reviewing Nobel's contract claim, therefore, we apply Maine law to determine whether, consistent with any set of facts that Nobel can prove, Bangor Hydro is contractually bound to pay for the use of the phrase "energy light" if used by it outside the context of the recorded jingle.

The written contract licensed Bangor Hydro to use the recorded jingle "for the sole, limited and restricted purpose of mechanically reproducing such recorded selection(s) only for the specific uses hereafter designated as an integral part thereof...." Although the written contract restricts modifications, it does not purport to be exclusive or to contain all of the terms intended by the parties. Paragraph 10 of the complaint alleges that Nobel communicated to Bangor Hydro during negotiation that he was to receive additional compensation for other uses of the phrase "energy light." Bangor Hydro argues that this term, if anything, was merely an unenforceable agreement to agree. But we cannot say that the pleadings foreclose Nobel from proving that Bangor Hydro agreed to pay an additional amount for use of the phrase "energy light" over and above the amount paid for the licensed use of the recorded

**1.** The Act also preserves state law rights pertaining to "subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103...." 17 U.S.C. § 301(b)(1). Section 102 includes, *inter alia*, the general categories of literary works, musical works with their accompanying words, and sound recordings. While the phrase "energy light" may not be copyrightable, it falls within these general categories of copyrightable subject matter. We therefore reject Nobel's contention that "energy light" escapes federal preemption because it is uncopyrightable subject matter. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985).

jingle. Accordingly, we vacate the Superior Court's dismissal of Nobel's contract claim.

█ Nobel's remaining claims allege unjust enrichment of Bangor Hydro and conversion of Nobel's property. Inasmuch as an unjust enrichment claim imposes liability by operation of Maine law, rather than by the extra element of a promise to pay, Maine law gives a right equivalent to copyright rights and therefore is preempted.[2] *See* 1 M. Nimmer & D. Nimmer, *Nimmer on Copyright*, § 1.01[B], at 1–16 n. 46, 1–22 (1990). Several courts have held that conversion claims which do not allege any deprivation of tangible property are equivalent to unauthorized publication claims and therefore are preempted. *See, e.g., Taquino, supra,* 893 F.2d at 1501; *Harper & Row, supra,* 723 F.2d at 201; *Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523, 1533, 1535 (S.D.N.Y.1985). Thus, even if unjust enrichment and conversion claims addressing intangible property are cognizable under Maine law, Nobel's claims are preempted by federal copyright law.

The entry is:

Judgment vacated and case remanded for further proceedings as to the contract claim.

Judgment affirmed as to the remaining claims of the complaint.

All concurring.

2. Our conclusion renders it unnecessary to reach the question whether Nobel has some property interest in the phrase "energy light" that is not preempted and has enriched Bangor Hydro or whether the phrase is in the public domain.