**STATE of Maine**

v.

**Andrew M. CLISHAM.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 11, 1992.

Decided Oct. 7, 1992.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein, Asst. Dist. Atty., Bangor, for the State.

Wayne R. Foote, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Andrew M. Clisham appeals from a judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*), affirming the judgment of the District Court (Bangor, *Russell, J.*), finding Clisham guilty of criminal threatening, in violation of 17–A M.R.S.A. § 209 (1983).[1] On appeal, Clisham contends that the record does not contain sufficient evidence to support his conviction. Because we conclude the District Court applied the wrong legal standard in finding Clisham guilty, we vacate the conviction.

On June 25, 1991, the Hampden Police received a phone call from an individual who claimed that Clisham told the individual that he (Clisham) had killed his wife, Ida Clisham. Without first obtaining a warrant, the police proceeded to Clisham's residence to investigate. The police knocked at the door and asked permission to search Clisham's residence for Ida Clisham. Clisham refused to allow the officers to enter his home. The police retreated and waited for additional officers to arrive at the scene.

---

1. Section 209(1) states, in pertinent part, that: A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury.

Once more police were present, the officers covered the front door and all the other exits. Officer Rogers then approached the front door and, after knocking on the door, told Clisham that if Clisham did not open the door and allow the police to search his home, they would break down his front door. Clisham armed himself with two knives and opened the door. The police immediately drew their guns and aimed them at Clisham. Clisham told the police that he would use the knives to prevent the police from entering his home. After about an hour, during which the police repeatedly demanded permission to enter and Clisham continued to threaten to repel them with his knives, Clisham relented and allowed the police to enter his home. Mrs. Clisham was not on the premises. The police arrested Clisham and charged him with criminal threatening.

Clisham was tried in District Court and asserted as a defense that under 17-A M.R.S.A. § 104(3)(B)(2) (1983) he was entitled to use deadly force in the defense of his home because he reasonably believed the officers, once in his home, would commit the crimes of invasion of privacy and criminal restraint. The District Court found Clisham guilty of criminal threatening after concluding that Clisham could not have reasonably believed that the police were going to commit a crime after entering his home. Clisham unsuccessfully appealed to the Superior Court and this appeal followed.

## I.

When the Superior Court has acted as an intermediate appellate tribunal, this Court reviews the District Court's decision directly. *Dunning v. Dunning*, 495 A.2d 821, 823 n. 1 (Me.1985). The District

Court premised its decision on its finding that Clisham did not reasonably believe the police would commit further crimes once they entered his home. Such proof would only be necessary to justify deadly force. 17-A M.R.S.A. § 104(3)(B)(2) (1983).[2] Clisham, however, had only threatened the use of deadly force. The mere threat of the use of deadly force is tantamount to the actual use of non-deadly force. It is not on a par with the actual use of deadly force. In *State v. Williams*, 433 A.2d 765, 768–770 (Me.1984), we confronted the issue of whether Section 104(3)(B) encompasses the mere threat of deadly force in addition to the actual use of deadly force. After discussing the statute's legislative history, we adopted the position taken by the Model Penal Code, Sec. 3.11 (1962), namely, that the definition of "deadly force" does not include the threatened use of such force. *Williams*, 433 A.2d at 769. Since the District Court, in the present case, specifically found that deadly force had not been used, it was error for the court to apply the "deadly force" provision.[3] *See* 17-A M.R.S.A. § 2(18). The applicable statute is 17-A M.R.S.A. § 104(1) which provides that:

> A person in possession or control of premises ... is justified in using non-deadly force upon another when and to the extent that he reasonably believes it necessary to prevent or terminate the commission of a criminal trespass by such other in or upon such premises.

Under this provision, there is no requirement that the person in possession of the premises reasonably believe that some other crime will likely be committed within the dwelling place. Here, Clisham was clearly in possession of the premises. The police

---

**2.** This section provides in relevant part: "A person in possession or control of a dwelling place ... is justified in using deadly force upon another ...:

B. When he reasonably believes that deadly force is necessary to prevent or terminate the commission of a criminal trespass by such other person, who he reasonably believes ...:
(2) Is committing or is likely to commit some other crime within the dwelling place."
17-A M.R.S.A. Sec. 104(3)(B)(2) (1983).

**3.** It should be mentioned that in *Williams* the Court did note that "one who possesses the right to use deadly force *a fortiori* also possesses the right to threaten the use of such force." *Williams*, 433 A.2d at 768. Therefore, the District Court's inquiry was not completely without relevance; if the court had found that Clisham could have used deadly force, then the mere threat of deadly force would have likewise been permitted.

had told him they intended to break the door down and force their way into his home. Therefore, Clisham would have been justified in using non-deadly force if he reasonably believed it was necessary to prevent the commission of a criminal trespass by the police officers.

The police were without a warrant and probable cause was never established. As a result, absent exigent circumstances or consent, a warrantless search inside of Clisham's home would have been unconstitutional. *See Payton v. New York,* 445 U.S. 573, 585–86, 100 S.Ct. 1371, 1379–80, 63 L.Ed.2d 639 (1980); *Welsh v. Wisconsin,* 466 U.S. 740, 749–50, 104 S.Ct. 2091, 2097–98, 80 L.Ed.2d 732 (1984). Therefore, a forced entry by the police would have constituted a criminal trespass. *See State v. Boilard,* 488 A.2d 1380, 1385 (Me.1985) ("Warrantless official intrusions, without consent, upon the citizen's private property ... in the absence of probable cause and exigent circumstances, are unconstitutionally unauthorized and unjustified and constitute a trespass.").

 The fact that the police officers may have been acting in good faith pursuant to their performance of necessary investigative duties in accordance with official departmental policies does not legalize an officer's warrantless entry into a private dwelling place. *Id.*

■ The trial court, by applying the incorrect section, viewed the issue as being whether Clisham reasonably believed that the police were going to commit a crime once they gained entry. Rather, the issue should have been whether Clisham reasonably believed that the force used was necessary to prevent or terminate a trespass. The record, while absent a specific finding on this issue, compels the conclusion that Clisham's threatened use of knives to prevent police officers armed with nine millimeter pistols, who were threatening to kick down his door, from entering the home was reasonably necessary to prevent a trespass.

The court's application of the wrong statutory provision constituted obvious error and therefore may be noticed despite the fact that it was not brought to the attention of this Court. *See* M.R.Crim.P. 52(b); *State v. True,* 438 A.2d 460, 468–69 (Me. 1981). The court committed obvious error when it equated the mere threat of deadly force with the actual use of deadly force and thereby applied the wrong statutory provision. Under 17–A M.R.S.A. § 104(1), Clisham's actions were justified as a proper exercise of non-deadly force.

Judgment of conviction vacated. Remanded to the District Court with instructions for entry of judgment of acquittal.

All concurring.