Robert BOWEN, et al.

v.

Harry EASTMAN, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1994.

Decided July 26, 1994.

**6**

Robert E. Bowen, Fitchburg, MA, for plaintiffs.

Joseph V. Lenkowski, Scaccia, Lenkowski & Aranson, Scarborough, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Plaintiffs Robert and Pauline Bowen appeal from a judgment of the Superior Court (York County, *Fritzsche, J.*) affirming an order of the District Court (York, *Gaulin, J.*) dismissing the Bowens' complaint pursuant to M.R.Civ.P. 12(b)(6) for failure to state a claim. Because the Bowens' complaint provides the Eastmans with fair notice of the claims against them, and sufficiently states a claim, we vacate the judgment of the Superior Court.

The Bowens filed a complaint against the Eastmans in District Court in August of 1992, asserting claims of intentional infliction of emotional distress, negligent infliction of emotional distress, libel, and slander. The Eastmans filed a motion to dismiss the Bowens' complaint for failure to state a claim on which relief may be granted, pursuant to M.R.Civ.P. 12(b)(6). The District Court allowed the Bowens to amend their complaint and then dismissed the amended complaint. The Superior Court affirmed. The Bowens then appealed to this court.

As amended, the complaint consists of seven counts. Count 1 is a claim of intentional infliction of emotional distress in which the Bowens assert that the Eastmans traveled across the rear of the Bowens' town house unit and gathered with neighbors "in such a manner designed to cause severe emotional distress to the plaintiffs." The Bowens aver that the Eastmans "acted intentionally, recklessly and were substantially certain that se-

vere emotional distress would result." The Bowens state that they suffered emotional distress resulting in physical problems. Count II, a claim of negligent infliction of emotional distress, also alleges that the Eastmans traveled across the rear of the town house area, made loud noises, and took "other actions to disturb [them] and cause [them] severe [emotional] distress."

Count III is a claim of libel. The Bowens allege that the Eastmans published and made use of a letter containing untrue statements that were used to discredit the Bowens and to ruin their reputation. The Bowens assert that emotional distress, a harmed reputation, and a loss of social standing resulted from the Eastmans' use of the letter. Count IV is a claim of slander, asserting that the letter and statements made in connection with the letter were untrue and slanderous; the Bowens assert the same damages as alleged in Count III. Counts V and VI allege that the letter is defamatory and that its publication and use constitute negligent and intentional infliction of emotional distress on the Bowens. Count VII alleges that the Eastmans' use of the letter and statements made in connection with the letter harmed Robert Bowen in his business as a lawyer and real estate broker.

■ When, as in this case, the Superior Court has acted as an intermediate appellate court, we directly review the record of the District Court. *State v. Clisham,* 614 A.2d 1297, 1298 (Me.1992). On review of a dismissal order, we accept the facts alleged in a complaint as true. *Nobel v. Bangor Hydro–Elec. Co.,* 584 A.2d 57, 58 (Me.1990). Nevertheless, we are not bound to accept the complaint's legal conclusions. *Robinson v. Washington County,* 529 A.2d 1357, 1359 (Me.1987). The complaint is examined in the light most favorable to the plaintiff to determine whether it alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory. *Id.* It should not be dismissed unless it is beyond doubt that no relief can be granted under any facts that might be proved to support the plaintiff's claim. *Nobel,* 584 A.2d at 58; *Robinson,* 529 A.2d at 1359. The sufficiency of a complaint challenged pursuant to M.R.Civ.P.

12(b)(6) is a question of law. *Richards v. Soucy*, 610 A.2d 268, 270 (Me.1992).

■ In modern notice pleading practice, the purpose of the complaint is to provide defendants with fair notice of the claim against them; pursuant to this standard the Bowens' complaint is legally sufficient. *See Richards*, 610 A.2d at 270. It sufficiently alleges all of the elements of intentional infliction of emotional distress, *see Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979); negligent infliction of emotional distress; *see Gammon v. Osteopathic Hosp. of Maine, Inc.*, 534 A.2d 1282, 1284 (Me. 1987); libel, *see Bakal v. Weare*, 583 A.2d 1028, 1029 (Me.1990); and slander, *see Haworth v. Feigon*, 623 A.2d 150, 156 (Me.1993). Although some or all of the claims may ultimately be properly addressed in a motion for summary judgment, *see* M.R.Civ.P. 56, at this stage of the proceedings we cannot say as a matter of law that it is beyond doubt that the Bowens will not be able to present evidence to prove some set of facts to support their claims.

The entry is:

Judgment vacated. Remanded with direction to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.