STATE of Maine

v.

**Gregory ELLIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1994.

Decided Dec. 19, 1994.

David W. Crook, Dist. Atty., and Paul Rucha, Asst. Dist. Atty., Augusta, for the State.

Clarence Spurling, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

The State appeals from a judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) vacating a judgment of the District Court (Waterville, *French, J.*) finding Gregory Ellis guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B(1) (Pamph.1994). The State argues that the evidence in this case is sufficient to support the District Court's finding that Ellis operated a motor vehicle while intoxicated. We agree.

In response to a call at 6:30 p.m. on December 11, 1992, a state trooper went to a rest area on Interstate 95. When he arrived there at 6:58 p.m., he found an automobile at the exit ramp of the rest area up against a reflector post with the motor running and the transmission in gear. Sitting alone and unconscious with his feet beneath the steering wheel was Ellis. After being awakened, Ellis got out of the automobile and told the trooper that he was not driving. When asked how much he had to drink, Ellis responded, "Too much," but added that he had had nothing to drink in the rest area. The trooper found several unopened beer cans in the vehicle, but no empty containers. Ellis failed three field sobriety tests. An intoxilyzer test administered at 7:40 p.m. determined that Ellis's blood alcohol level was .14 percent.

At trial, the State's only witness was the trooper who testified to the above facts. On this evidence, the District Court found that Ellis had operated the vehicle while he was intoxicated. On appeal, the Superior Court vacated Ellis's conviction. The State now appeals arguing that (1) there was competent evidence in the record from which a factfinder could conclude that Ellis had been operating a motor vehicle while intoxicated before he was discovered by the trooper and (2) for purposes of section 1312–B(1) Ellis was operating the vehicle at the time that the trooper discovered him. We agree with the State's first argument and accordingly decline to address the second.

■ Because the Superior Court acted solely as an intermediate appellate tribunal, we review directly the decision of the District Court. *State v. Clisham*, 614 A.2d 1297, 1298 (Me.1992). In examining the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985). Furthermore, a conviction based on circumstantial evidence is no less conclusive than one based on direct evidence. *State v. Kenney*, 534 A.2d 681, 682 (Me.1987).

■ In this case, Ellis's blood alcohol level was almost two times the legal limit. Moreover, the fact that Ellis was found unconscious behind the wheel, coupled with the fact that the automobile was positioned against a post with the engine running and the transmission engaged, gives rise to the reasonable inference that the automobile came to rest there while Ellis was driving and that he subsequently passed out from the consumption of alcohol. Accordingly, we are unable to conclude that no trier of fact rationally could have found the elements of the crime beyond a reasonable doubt.

The entry is:

Judgment of the Superior Court vacated. Remanded with instructions to enter judgment affirming the judgment of the District Court.

All concurring.