STATE of Maine

v.

**Thomas B. HAYES.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 15, 1996.
Decided April 24, 1996.

Michael P. Cantara, District Attorney, David Gregory, Alfred, for the State.

Michael J. Waxman, South Portland, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

RUDMAN, Justice.

Thomas B. Hayes appeals from his conviction after a jury trial in the Superior Court (York, *Bradford, J.*) on the offense of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–b(1) & (2)(C) (Pamph.1994).[1] Hayes argues the evidence is insufficient to support a finding that he was the operator of a car at the time of a single car accident and that the

---

1. The statute in effect at the time of Hayes's arrest, 29 M.R.S.A. § 1312–B (Pamph.1994), stated in pertinent part:

1. **Offense.** A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

court abused its discretion in admitting a statement made by him to the arresting officer. We affirm the judgment.

On the evening of November 10, 1994, John Roy was driving on South Street toward Biddeford. The weather was cool and clear. As Roy approached the Dayton–Biddeford line he saw a large white car in the ditch on the opposite side of the road. When Roy stopped to lend assistance, Hayes approached Roy's car and asked for a ride. Roy refused and Hayes, whose speech was slurred and whose breath smelled of alcohol, said "I don't—I don't—do you want to see me get arrested tonight?" According to Roy no one else was in the vicinity of the car nor had he passed anyone on the road leading up to or away from the accident. Roy drove off and advised the sheriff by telephone that there had been an accident.

Officer Gagne arrived at the scene of the one-car accident reported by Roy at approximately 10:50 p.m. Approaching the scene, Gagne noted that at the point Hayes's car left the road the road surface was dry, straight, and free from hazards and that there were no indications that the driver of the car had attempted to brake before entering the ditch.

When Officer Gagne approached the car he found Hayes in the driver's seat and an open twelve-pack of beer and other items strewn next to him on the passenger seat. Gagne "immediately noticed a very strong odor of intoxicating beverage coming from the inside of the vehicle." When Gagne asked Hayes what had happened, Hayes responded, "I drove off the road." Because Hayes's speech was slurred, Gagne requested that Hayes repeat himself. Hayes seemed to recognize that Gagne was a police officer and respond-

ed that his brother had been driving the car and had hitchhiked away from the accident via the South Waterboro Road. Officer Gagne, however, had not seen anyone on the South Waterboro Road as he approached the accident location. Neither had he observed anything at the scene that indicated to him that someone had left the car. Hayes further stated that he had drunk "too much" and refused to submit to a field sobriety test or a blood alcohol test. Finally, while being transported to the York County jail Hayes told Officer Gagne that he could "turn him on to two kilos of cocaine" if the officer would "forget about the OUI charge."

Before the trial, Hayes moved pursuant to M.R.Evid. 403 to exclude his statement to the arresting officer concerning the two kilograms of cocaine. Hayes claimed that the danger of unfair prejudice from admission of the statement substantially outweighed its probative value. The trial judge denied the motion in limine, finding that while the statement was prejudicial, it was "very probative of [Hayes's] consciousness that he is operating under the influence." The motion was not renewed nor did Hayes object at the trial to the introduction of the statement.

The jury found Hayes guilty of operating under the influence, and he appeals.

### I.

Hayes contends that the State's evidence, which consisted of the testimony of Mr. Roy and Officer Gagne, is insufficient to convict him of the offense of operating under the influence. In particular, Hayes argues that, although the evidence demonstrates that he was under the influence when he was observed by the witnesses, there is no evidence he was intoxicated when the vehicle was driv-

A. While under the influence of intoxicating liquor or drugs or a combination of liquor and drugs; or
B. While having 0.08% or more by weight of alcohol in his blood
. . . .
**2. Penalties.** The offense defined in subsection 1 is a Class D crime. In the determination of an appropriate sentence, refusal to submit to chemical test shall in every case be an aggravating factor. In the following cases the following minimum penalties shall apply.
. . . .
C. In the case of a person having one previous conviction of operating under the influ-

ence of intoxicating liquor or drugs ... the fine may not be less than $500, the sentence must include a period of incarceration of not less than 7 days and the court shall suspend the defendant's license or permit to operate, right to operate a motor vehicle and right to apply for and obtain a license for a period of one year, which penalties may not be suspended.
29 M.R.S.A. § 1312–B (Pamph.1994), *repealed by* P.L.1993, ch. 683 § A–1 (effective January 1, 1995) *and recodified as* 29–A M.R.S.A. § 2411 (Pamph.1995).

en into the ditch or that he drove the vehicle into the ditch. We disagree.

■ When reviewing a criminal defendant's challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State to decide whether a factfinder rationally could find every element of the criminal charge beyond a reasonable doubt. *State v. Tai*, 629 A.2d 594, 595 (Me.1993). Furthermore, a conviction may rest entirely on circumstantial evidence, *State v. Bowman*, 611 A.2d 560, 561 (Me. 1992), and a conviction based on such evidence is no less conclusive than a conviction supported by direct evidence. *State v. Ellis*, 651 A.2d 830, 831 (Me.1994).

■ Evidence in the record supports the following findings. Hayes's car was driven into a ditch without any apparent external reason and without any sign that the driver had attempted to avert the accident. Neither Officer Gagne nor Mr. Roy saw anyone else in the vicinity of the accident scene. Hayes was alone in the car when it was approached by Officer Gagne and the passenger area of the car was in a state of disarray indicating no one had been sitting there. Hayes appeared intoxicated to both Mr. Roy and Officer Gagne. Hayes admitted to Officer Gagne both that he drove the car into the ditch and drank "too much." Finally, Hayes's actions demonstrated that he was aware of his wrong-doing and feared arrest. He attempted to avoid arrest by getting a ride away from the scene of the accident, and he could be interpreted to have offered the arresting officer information concerning substantial drug crimes. As we have stated:

Ordinarily, men who are perfectly sober and who have had no intoxicating liquor whatever to drink do not proceed to get drunk at the scene of an accident while waiting for someone to get their vehicle back into the highway. It is a natural and logical inference and one entirely consistent with fact that the driver of a vehicle stuck ... outside the wrought part of the highway who is found ... in a drunken condition was under the influence of intoxicating liquor while operating the vehicle. *State v. DeBery*, 103 A.2d 526, 527, 150 Me. 38, 40 (1954). *See also State v. Rossignol*, 654 A.2d 1297, 1299 (Me.1995) (evidence sufficient to support finding that defendant was operating car where defendant was alone in the car, car was in a remote location, car was still warm, no one saw anyone else in the vicinity of the car, and defendant was in front seat of car); *State v. Jordan*, 599 A.2d 74, 75 (Me.1991) (evidence sufficient to support conviction for driving under the influence when defendant admitted drinking and driving). We cannot say on the facts presented that no trier of fact rationally could have found the elements of the crime beyond a reasonable doubt. The direct and circumstantial evidence here is sufficient to prove that Hayes drove while intoxicated.

## II.

■ Hayes next argues that his offer to provide Officer Gagne with information concerning the whereabouts of two kilos of cocaine in exchange for Officer Gagne's dropping the OUI charge should have been excluded because the statement's probative value was substantially outweighed by the unfair prejudice arising from the statement. Hayes did not properly preserve this issue,[2] we, therefore, review for obvious error.

■ The admissibility of evidence pursuant to M.R.Evid. 403 is within the sound discretion of the trial justice. *See State v. Wright*, 662 A.2d 198, 202 (Me.1995); *State v. Roman*, 622 A.2d 96, 98 n. 3 (Me.1993). In a criminal prosecution evidence of what transpired after the alleged criminal act generally is admissible if it tends to establish the defendant's state of mind. *See, e.g., State v. Small*, 411 A.2d 682, 684 (Me.1980) (defendant's statement showing consciousness of guilt admissible over objection that statement was unfairly prejudicial). Hayes's attempt to barter his release by offering the arresting officer information concerning criminal drug activity is probative of his con-

2. The trial court ruled in limine that Hayes's statement to the arresting officer would be admitted. Hayes, however, did not object at the trial when Officer Gagne relayed Hayes's comment to the jury. "[T]he fact that the trial court has acted on a motion in limine does not relieve counsel of making objections ... at the appropriate points in the trial in order to make a record and preserve points of error for appeal." Field & Murray, *Maine Evidence* § 103.7 at 1–29 (3d ed. 1994) (citing cases).

sciousness of guilt. Associating the defendant with narcotics, however, carries with it an increased danger of unfair prejudice. *See* 4 WEINSTEIN'S EVIDENCE ¶ 403[03] (1994) (stating that particular difficulties arise pursuant to rule 403 when the proffered evidence connects a party with a highly charged issue such as narcotics). In this case, after considering the possibility of unfair prejudice, the court concluded that the probative value of the admission was not substantially outweighed by the danger of unfair prejudice and admitted the statement. This determination was well within the trial court's broad discretion. *See State v. Rouselle,* 559 A.2d 779, 780 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.