STATE OF MAINE
CUMBERLAND, ss.

JOBAR, Inc., d/b/a Monopoly, Inc., and
JOSEPH SOLEY

Plaintiffs

v.

PERKINS OLD CHICAGO, Inc.,
JEFFREY T. PERKINS,
and THE DUNHAM GROUP

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-007

ORDER ON
DEFENDANTS'
MOTION TO DISMISS

## FACTUAL BACKGROUND

Plaintiff Jobar, Inc d/b/a Monopoly, Inc. (Monopoly) is a corporation, authorized to act on behalf of the owner and landlord of commercial premises at 375 Fore Street, Portland, Maine (Premises). Plaintiff Joseph Soley is the owner of the premises. Defendant Dunham Group (Dunham), is a real estate brokerage agency engaged in the business of obtaining tenants for landlords who lease commercial premises.

In December 1999 Dunham was engaged by the plaintiffs to locate a tenant who was ready, willing and able to lease the Premises. Dunham produced Perkins Old Chicago, Inc. (Old Chicago) as a prospective tenant. On January 10, 2000, Plaintiff Monopoly and Defendant Old Chicago entered into a ten-year lease of the Premises, that included items of personal property belonging to Soley. Monopoly did not

consent to transfer title of that personal property to Old Chicago. From January to November 2000 Old Chicago occupied and ran a restaurant on the Premises.

On November 21, 2000, Defendant Old Chicago ceased operating the restaurant. Old Chicago did not pay the December 2000 rent. On December 23, Perkins or Old Chicago or their agents shut off the gas heating system for the Premises, causing water pipes to burst, damaging the Premises and neighboring premises. On December 29, Jeffrey Perkins notified Plaintiff that Defendant Old Chicago had vacated the premises.

Monopoly obtained a writ of possession for the premises on January 4, 2001. Old Chicago failed to pay its January and February 2001 rent and other charges due under the lease.

On January 9, 2001, Plaintiff filed a complaint in this action. On March 16, 2001, Plaintiffs filed their second amended complaint.[1] Plaintiffs alleged: breach of contract against Old Chicago (Count I); negligence against Old Chicago (Count II); negligence against Jeffrey Perkins (Count III); conversion against Old Chicago and Jeffrey Perkins by Soley (Count IV); breach of contract against Dunham (Count V); negligence against Dunham (Count VI); and fraudulent conveyance against Jeffrey and Jessica Perkins (Count VII).

---

[1]Plaintiff's first complaint, ¶ 6 stated "Monopoly is the owner and landlord of commercial premises located at 375 Fore Street, Portland, Maine. " Plaintiff's first and second amended complaints both state, ¶ 7, "Soley is and was, at all times relevant hereto, the owner of 375 Fore Street, Portland, Maine."

2

## DISCUSSION

### Standard of Review

Dismissal of a civil action is proper when the complaint fails to state a claim upon which relief can be granted. M.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. March 14, 1996). In reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995).

### I. Standing of Joseph Soley

Defendants assert that Monopoly's agency relationship to Joseph Soley did not make Soley a party to the lease. Defendants assert that any claims arising out of the lease must be asserted by parties to the contract.

It is well settled that, absent some special exception, an undisclosed principal may sue and be sued on a contract made by his agent. *Cooper v. Epstein*, 75 A.L.R.3d 1179 (D.C., Aug. 17, 1973) (No. 6730), 308 A.2d 781, 783; 3 Am.Jur. 2d Agency §§ 311, 322 (1962); 3 C.J.S. Agency §§ 244, 276 (1936). The fact that an agent represents himself to be the principal is not sufficient to preclude suit by the undisclosed principal. *Cooper v. Epstein*, 75 A.L.R.3d 1179, 308 A.2d 781, 783. Therefore the

3

motion to dismiss Joseph Soley's breach of contract claim for want of standing is denied.

## II. Negligence Against Old Chicago

Defendant Old Chicago argues that it is not liable in negligence for permitting agents to disable the heating system that caused water pipes to burst, damaging Plaintiffs' property, because Defendant Old Chicago had no independent duty to exercise due care outside of the lease. Defendant Old Chicago's duty to Plaintiff Monopoly to maintain the Premises in good condition, including maintenance and repair of all utilities, was a duty under the lease. Defendants assert that Plaintiffs are seeking the same damages whether under claim of negligence or breach of contract, and that a claim for burst pipes is essentially the same as a claim against a tenant with a lease obligation to maintain the premises. For harm to property that is covered by a lease a landlord may sue in either contract or tort. *Inhabitants of Milford v. Bangor Ry. & Electric Co*, 104 Me. 233, 250; 30 L.R.A.N.S. 531; 71 A. 759, 766 (Me. 1908). Therefore, the negligence claim against Old Chicago survives Defendant's motion to dismiss.

## III. Negligence Against Jeffrey Perkins

Defendants have simply appended Jeffrey Perkins (Perkins) to their argument to dismiss the negligence claim against Old Chicago, alleging that Perkins owed no duty to the plaintiffs. Perkins is in a different legal position from Old Chicago.

Although sole shareholder and president of Old Chicago, Perkins was not a party to nor guarantor of the Premises lease. We take as true plaintiffs' allegations that on December 23, 2000, Perkins and/or Old Chicago or their agents disabled the heating system on the Premises, causing the frozen water pipes to burst. [2] It is reasonably foreseeable that disabling a heating system in winter in Portland could cause frozen water pipes to burst. Therefore, the negligence claim against Jeffrey Perkins cannot be dismissed.

## IV. Conversion Against Old Chicago and Jeffrey Perkins

Defendants argue that Plaintiffs' conversion claim must be dismissed because the lease states that the tenant shall remove all "alterations, decorations, signs, trade fixtures, additions and improvements." The complaint alleges that Old Chicago and/or Perkins removed and converted for their own use personal property owned by Soley, and that Soley and/or Monopoly as his agent, demanded that Old Chicago and/or Perkins return said property. Conversion requires (1) a showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that he made a demand for its return that was denied by the holder. *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. Plaintiff Soley has alleged all the elements required for a conversion claim.

Defendants' motion to dismiss the claim of conversion against Old Chicago

---

2Plaintiffs' Amended Complaint, ¶ 27.

and Jeffrey Perkins is denied.

## V. Breach of Contract Against Dunham

The plaintiffs have alleged that Dunham breached its contractual duty to provide a ready, willing and able tenant for Plaintiffs Soley and/or Monopoly. Dunham argues that it had no contract with the plaintiffs, but instead represented Old Chicago in the Premises lease. On a motion to dismiss, we accept the facts alleged in the plaintiffs' complaint as true for purposes of the motion. *Bowen v. Eastman*, 645 A.2d 5 (Me. 1994) *citing Nobel v. Bangor Hydro-Elec. Co.*, 584 A.2d 57, 58 (Me. 1990). Plaintiffs' complaint alleges that Dunham is a real estate brokerage agency engaged in the business of obtaining tenants for landlords who lease commercial properties, and that the landlord-plaintiffs engaged Dunham as real estate broker to find them a tenant.[3]

Defendants argue that Dunham was not the agent for the landlord, relying on the lease clause requiring the tenant to warrant that it had dealt with no broker other than Dunham.[4] This clause merely provides assurances to the landlord-plaintiffs that they will be obligated to no other broker. The lease also provides that Dunham's commission was to be paid out of rents, further supporting the landlord-plaintiffs' allegation that Dunham was working for the landlord-plaintiffs.

---

[3]Plaintiffs' second amended complaint ¶ 10 states, "In or prior to December 1999, Dunham was engaged by Soley and/or Monopoly to locate a tenant who was ready, willing and able to lease the Premises.

[4]Lease 13.07.

The duty of a real estate broker is generally discharged by producing a customer who is ready, willing and able to meet the exact terms and conditions of [the transaction]. *Chamberlain v. Porter*, 562 A.2d 675, 677 (Me. 1989); S. WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 1287, at 957 (1968). This rule, however, may be modified by the parties to the agreement. *Chamberlain* at 677. A contract between parties to sell property, for example, may make the broker's commission contingent upon actual sale. *Id.; Labbe v. Cyr*, 150 Me. 342, 348, 111 A.2d 330, 333. It is a question for the trier of fact whether the agreement between Dunham and Monopoly included any requirement for full performance. Although the interpretation of unambiguous terms of a contract is a question of law, the intent of the parties and the purpose of the contract are questions for the factfinder. *Dehahn v. Innes*, 356 A.2d 711 (Me. 1976) *citing Top of the Track Associates v. Lewiston Raceways, Inc.*, 654 A.2d 1293, 1296. Plaintiffs' claim for breach of contract against Dunham should not be dismissed.

*Statute of Frauds*

Defendant Dunham argues that Plaintiffs' allegations of breach of contract against Dunham for implicitly or explicitly representing to Plaintiffs that Old Chicago was ready, willing and able to lease the Premises are barred by the Statute of Frauds. Under Maine law no action may be maintained charging any person for representations about another's creditworthiness unless made in writing and signed by the person to be charged. 33 M.R.S.A. § 53. Plaintiffs' claim of Dunham's breach

7

of contract is grounded on Dunham's failure to fully disclose to Plaintiffs, not on a separate contractual understanding or representation. RESTATEMENT (SECOND) OF AGENCY, § 13 (1957) *supra.* Real estate brokers have a statutory duty to buyers and sellers of real estate to disclose material facts of which the [broker] has actual knowledge or should have known concerning the transaction. 32 M.R.S.A. § 13273(1)(B)(3), § 13274(1)(B)(3). Breach of such duty may be actionable.

## VI. Negligence Against Dunham

A real estate broker for the lessor of real estate has a fiduciary duty to that lessor. *Goldberg Realty Group v. Weinstein,* 669 A.2d 187 (Me. 1996). That duty requires of the broker full disclosure of any information material to the transaction even when it conflicts with the broker's own interest. *Id.* at 189. Dunham's duty to Plaintiffs arises from Plaintiffs' alleged contract with Dunham. The Court finds no duty to Plaintiffs outside of this contract. Defendant Dunham's motion to dismiss the claim of negligence as an independent claim is granted.

## VII. Fraudulent Conveyance

By agreement of the parties, Plaintiffs' claim of fraudulent conveyance shall be dismissed without prejudice. Jessica Perkins is dismissed as party to this suit without prejudice, since the only count that refers to her, the count for fraudulent conveyance, has been dismissed.

8

Therefore the entry is: Motion to Dismiss Count VI (negligence against Dunham) is

GRANTED.  In all other respects the motion to dismiss is DENIED.

Dated at Portland, Maine this 30th day of November, 2001.

Robert E. Crowley
Justice, Superior Court