2003 ME 87

**Donald P. RIVERS et al.**

v.

**Jerry AMATO et al.**

Supreme Judicial Court of Maine.

Argued: June 10, 2003.
Decided: July 9, 2003.

Durward W. Parkinson, Esq. (orally), Leah B. Rachin, Esq, Bergen & Parkinson, LLC, Kennebunk, for plaintiffs.

Christopher S. Neagle, Esq. (orally), Jacqueline W. Rider, Esq., Verrill & Dana, LLP, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Donald and Mary Rivers appeal from an entry of summary judgment by the Superior Court (York County, *Fritzsche, J.*) in favor of Jerry Amato, the Estate of Phyllis Amato and Little A., Inc. (hereinafter Amato). The Rivers argue that they are entitled to a real estate commission pursuant to their exclusive listing agreement with Amato because they negotiated with and produced a buyer who was ready, willing, and able to purchase Amato's property. In the alternative, the Rivers contend that they are entitled to a commission based on *quantum meruit*. Because the property was not sold, conveyed, exchanged, or otherwise transferred to the buyer produced by the Rivers within the six-month extension period of the listing agreement, we affirm the judgment of the Superior Court.

## I. BACKGROUND

[¶ 2] Donald and Mary Rivers are partners in Rivers by the Sea, a real estate agency located in York. From 1997 to 1999, the Rivers entered into a series of agreements with Jerry Amato to list his York Beach property. The final listing agreement, signed by the Rivers and Amato on October 29, 1998, gave the Rivers the exclusive right to sell the property from November 4, 1998, to May 3, 1999. The agreement set a sale price of $3 million and required that Amato pay the Rivers a commission of four percent of the total contract price if, within the time period of the agreement, the Rivers produced a buyer who was "ready, willing and able to purchase at said price or any other price or terms to which the Seller may agree." The listing agreement also contained an extension clause that required Amato to pay the commission to the Rivers if, within six months after the expiration of the agreement, the property was "sold, conveyed, exchanged or otherwise transferred" to anyone with whom the Rivers had negotiated.

[¶ 3] On June 18, 1999, Donald Rivers's brother, David, made a $3 million offer for the property. Three days later, the Rivers faxed a copy of the purchase and sale agreement containing the offer to Amato's son, James. The Rivers assert that on June 23, 1999, James faxed the purchase and sale agreement, apparently signed and initialed by Amato, back to the Rivers. Amato denies that he signed the purchase and sale agreement and alleges that James signed the agreement without Amato's knowledge or authorization.

[¶ 4] On July 10, 1999, Amato met with David Rivers to discuss the offer. According to the Rivers, Amato stated that he would not complete the sale because the purchase price offered was insufficient and because the agreement was invalid without

Amato's signature. After the meeting, David Rivers cancelled the purchase and sale agreement, and the Rivers returned his earnest money deposit.

[¶ 5] The Rivers contend that they were entitled to a commission pursuant to the listing agreement and filed an action against Amato for breach of contract, foreclosure of lien, *quantum meruit*, and promissory estoppel.[1] The Rivers and Amato both filed motions for summary judgment. The Superior Court ruled that the Rivers were not entitled to a commission because David Rivers made his $3 million offer during the six-month extension period and the Rivers did not satisfy the extension period requirement that they negotiated with David Rivers within the first six months of the listing agreement. Accordingly, the court granted summary judgment in favor of Amato and denied the Rivers' motion for summary judgment.

## II. DISCUSSION

[¶ 6] We review an entry of summary judgment de novo, viewing the evidence in the light most favorable to the party against whom judgment has been granted, to decide whether the parties' statements of material facts and the referenced record evidence reveal a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 8, 824 A.2d 48, 52–53.

[¶ 7] The Rivers argue that the Superior Court erred in granting Amato's motion for summary judgment because the Rivers produced a buyer who was ready, willing, and able to purchase Amato's property at the specified price. The listing agreement provides:

> If, during the term of this agreement, a Buyer is produced who is ready, willing and able to purchase at said price, or any other price or terms to which the seller may agree, or if the property is sold or exchanged by anyone, including the Seller, then Seller agrees to pay Agency a commission of 4% of contract price. This agreement shall be in effect for six months, from November 4, 1998 to May 3, 1999.

> The Commission as provided above shall be due if the property is sold, conveyed, exchanged or otherwise transferred within six months (max. 6 months) after the expiration of this agreement to anyone with whom Agency has negotiated. . . .

[¶ 8] Because the parties do not dispute that David Rivers presented his offer during the six-month extension period of the listing agreement, the provision of the listing agreement which arguably creates an entitlement to a commission upon production of a ready, willing, and able buyer had expired. The cases cited by the Rivers for the proposition that production of a ready, willing, and able buyer, not completion of the sale, creates the entitlement to a commission must be distinguished on that basis. *See Bowley v. Paine*, 291 A.2d 712, 714 (Me.1972); *Labbe v. Cyr*, 150 Me. 342, 348, 111 A.2d 330, 333 (1954).

[¶ 9] A listing contract may make a commission contingent on an actual sale. *Chamberlain v. Porter*, 562 A.2d 675, 677 (Me.1989); *Labbe*, 150 Me. at 348, 111 A.2d at 333. The listing contract states that if

---

1. David Rivers filed a separate breach of contract action against Amato. In that action, we affirmed the entry of a summary judgment by the Superior Court (*Brennan, J.*) determining that after receiving return of his earnest money and canceling the contract, David Rivers could not pursue a breach of contract claim. *Rivers v. Amato*, Mem. 02–51 (Me. Dec. 12, 2002).

the buyer makes an offer after the initial six-month period has expired, the Rivers are only entitled to a commission if the property is "sold, conveyed, exchanged or otherwise transferred" within the six-month extension period. *See Am. Prot. Ins. Co. v. Acadia Ins. Co.,* 2003 ME 6, ¶ 11, 814 A.2d 989, 993 ("The interpretation of an unambiguous contract 'must be determined from the plain meaning of the language used and from the four corners of the instrument . . . .' ").

[¶ 10] Because David Rivers cancelled the purchase and sale agreement and his earnest money deposit was returned, the property was never sold, conveyed, or transferred. Accordingly, the Rivers are not entitled to a commission and the Superior Court properly granted summary judgment in favor of Amato. In addition, the Rivers are not entitled to a commission based on *quantum meruit* because the Rivers did not satisfy the requirements of the listing agreement and therefore it is not reasonable for the Rivers to expect compensation. *See Smith v. Cannell,* 1999 ME 19, ¶¶ 9–16, 723 A.2d 876, 879–81; *see also Forrest Assocs. v. Passamaquoddy Tribe,* 2000 ME 195, ¶ 11, 760 A.2d 1041, 1045.

The entry is:

Judgment affirmed.